**UNITED STATES of America**

v.

**James A. WILDER, Appellant.**

**No. 71–1167.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 19, 1972.

Decided May 16, 1972.

---

Mr. William W. Kramer, Washington, D. C. (appointed by this court), for appellant.

Mr. C. Madison Brewer, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, John A. Terry and Herbert B. Hoffman, Asst. U. S. Attys., were on the brief, for appellee. Mr. Harold H. Titus, Jr., U. S. Atty., also entered an appearance for appellee.

Before FAHY, Senior Circuit Judge, SIMON E. SOBELOFF,* Senior Circuit Judge for the Fourth Circuit, and MacKINNON, Circuit Judge.

## PER CURIAM:

In this appeal we decide that appellant's trial (and conviction) for carrying a pistol without a license contrary to D.C.Code § 22–3204 [1] did not violate the Fifth Amendment guarantee against double jeopardy.[2] He had previously been convicted in another court of failing to register the same pistol under a police regulation of the District of Columbia. We thus affirm the judgment of conviction of the United States District Court.

### I

The facts of this case are uncontroverted. During the early morning hours of April 6, 1970, while in Kane's Tavern at 5424 Georgia Avenue, N.W., in the District of Columbia, appellant became engaged in an argument with the proprietor of the establishment. In the course of the disagreement, appellant drew a small pistol from his left front

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (1970).

1. D.C.Code § 22–3204 (1967) provides:
   No person shall within the District of Columbia carry either openly or concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, without a license therefor issued as hereinafter provided, or any deadly or dangerous weapon capable of being so concealed. Whoever violates this section shall be punished as provided in section 22–3215, unless the violation occurs after he has been convicted in the District of Columbia of a violation of this section or of a felony, either in the District of Columbia or in another jurisdiction, in which case he shall be sentenced to imprisonment for not more than ten years.
   Section 22–3215 authorizes punishment "by a fine of not more than $1,000 or imprisonment for not more than one year, or both." *See* D.C.Code § 22–3206 (1967) regarding the general procedure to be followed to obtain a proper license from the Superintendent of Police of the District of Columbia.

2. The Fifth Amendment provides "[Nor] shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . ."

pocket and threatened the proprietor. Appellant was thereupon arrested by Officer Hardy of the Metropolitan Police Department, who was present during the altercation. It was subsequently ascertained that appellant's pistol was loaded.[3]

Shortly after his arrest appellant was charged by the District of Columbia with a violation of its police regulations for having failed to register the firearm and ammunition which were recovered from him.[4] The charge was filed in the District of Columbia Division of the District of Columbia Court of General Sessions. On April 17, 1970, appellant entered a guilty plea to these charges of failure to register the pistol and ammunition.[5] He was sentenced to ten days, with credit being given him for time already spent in custody.

Appellant was subsequently indicted in the United States District Court for the District of Columbia in a one-count indictment filed on June 8, 1970 [6] which charged him with carrying a pistol without a license in violation of D.C.Code § 22–3204.

On July 6, 1970, appellant filed a motion to dismiss the indictment in the instant D.C.Code § 22–3204 case, on the ground that "the prosecution of the defendant for another greater offense arising out of the same transaction would constitute double jeopardy in violation of . . . ." the Fifth Amendment of the Constitution. After a hearing before Judge Hart, this motion was denied. Thereafter, in October of 1970, appellant waived a jury trial and was found guilty of the charge by Judge Hart. He was sentenced to a term of one to three years, with such sentence to be served consecutively to any sentence previously imposed upon him. The authority to impose the enhanced sentence, which exceeded the punishment authorized for a single offense was not predicated upon the conviction for violating the police regulation. This appeal followed.

## II

■ Appellant contends that it was constitutionally impermissible for the United States [7] to have prosecuted him

3. Eight live rounds of ammunition were recovered from the pistol.

4. District of Columbia Regulation No. 68–15, Article 51, Section 1 provides:

Sec. 1. Except as herein provided, no person shall within the District, possess, or keep under his control, or sell or otherwise dispose of any pistol, or rifle or shotgun unless such person is the holder of a valid registration certificate for such pistol, rifle or shotgun.

Article 53, Section 2 of the same Regulation provides:

Sec. 2. No person shall within the District of Columbia purchase or possess ammunition for a firearm unless he is the holder of a valid certificate of registration issued under the regulations; and unless the ammunition is of the same gauge or caliber as the firearm described in the certificate of registration issued to such person.

See Article 51, Section 3 regarding the method of obtaining a registration certificate for a weapon from the Chief of Police of the District of Columbia.

5. This plea was entered before Judge Scalley, who was at that time presiding as judge of the District of Columbia Division of the District of Columbia Court of General Sessions. The charges relating to appellant's violations of the District of Columbia Police Regulations were then within the jurisdiction of the District of Columbia Court of General Sessions. See note 13, and accompanying text, infra.

6. The indictment charged:

On or about April 6, 1970, within the District of Columbia, James A. Wilder did carry, openly and concealed on or about his person, and not in his dwelling house and not in his place of business and not on other land possessed by him, a dangerous weapon capable of being so concealed, that is, a pistol, without a license therefor issued as provided by law.

This is an offense against the United States, D.C.Code § 23–101 (1967).

7. Charges relating to D.C.Code § 22–3204 were then prosecutable by the United States Attorney's office in the United States District Court. See note 13, infra.

for carrying a pistol without a license after he had pleaded guilty to the District of Columbia charge of failing to register the same pistol, since the offense of carrying the pistol was "another greater offense arising out of the same transaction." (Appellant's br. p. 1) He asserts that such prosecution of him was proscribed by the Double Jeopardy Clause of the Fifth Amendment. We disagree.[8]

■ The doctrine to be applied in cases of this type was enunciated by the Supreme Court in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932):

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

See Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489 (1911); Gore v. United States, 357 U.S. 386, 388–390, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958).[9] When this test is applied to the two offenses with which we are herein concerned, it is readily apparent that appellant was convicted of two separate and distinct offenses.

Registration of a firearm under the District of Columbia Police Regulations is different from the licensing of a person, under D.C.Code § 22–3206, to carry a weapon.[10] The former generally concerns the firearm in question, while the latter relates to the personal qualifications of a particular individual to carry a pistol in the District. Under these circumstances, it is apparent that the two certificates that are required are meaningfully distinct documents. Thus it necessarily follows that proof of a violation of D.C.Code § 22–3204, which concerns the absence of a personal license to carry a pistol, is not "the same offense" as that proscribed by Article 51, Section 1 of District of Columbia Regulation No. 68–15, where the absence of a registration certificate for the weapon in question must be shown. In addition, it should be noted that non-registration of the gun under Article 51 was not a relevant factor in the offense under § 22–3204. The latter offense would exist even though the gun were registered, if the person carrying it was not licensed to do so. Also, the fact that the gun was not registered did not in any way authorize increased punishment for the

8. Because of the manner in which we dispose of appellant's arguments, we need not consider the question of whether the District of Columbia and the United States should be considered to be separate and distinct sovereigns for double jeopardy purposes. Compare Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L. Ed.2d 729 (1959) and Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed. 2d 684 (1959), with Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). See also Bell v. Kansas, 452 F.2d 783, 789–792 (10th Cir. 1971); Randolph v. District of Columbia, 156 A.2d 686, 688 (D.C.Mun.App.1959).

9. Although appellant has challenged the continued validity of the Blockburger "same evidence" test, there is no merit to this argument. We have only recently reaffirmed the applicability of this test to cases in the District of Columbia. See United States v. Spears, 145 U.S. App.D.C. 284, 288, 449 F.2d 946, 950

(1971); United States v. Butler, —— U.S.App.D.C. ——, ——-——, 462 F.2d 1195, 1197–1198 (decided April 6, 1972). See also Ingram v. United States, 122 U.S.App.D.C. 334, 335, 353 F.2d 872, 873 (1965); Young v. United States, 109 U.S.App.D.C. 414, 416, 288 F.2d 398, 400 (1961), cert. denied, 372 U.S. 919, 83 S.Ct. 734, 9 L.Ed.2d 725 (1963). The Supreme Court has not adopted the "same transaction" test advocated by Justice Brennan in his concurring opinion in Ashe v. Swenson, 397 U.S. 436, 449, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

10. The circumstances with which we are herein concerned might easily be analogized to the situation where the owner of an automobile is required to register the vehicle and also to possess a valid driver's license if he wishes to drive it. Clearly the applicable statutes with which we are involved impose requirements for different documents, with distinct societal interests underlying each one.

offense under § 22–3204. It is therefore obvious that appellant was convicted of separate and distinct offenses under the *Blockburger* test. Thus there was no abridgement of the Fifth Amendment's Double Jeopardy Clause.[11]

### III

■ Appellant also relies upon the doctrine of collateral estoppel, as allegedly delineated by the Supreme Court in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), to bolster his case, but we see no merit to this contention.[12] Appellant's conviction in the District of Columbia Court of General Sessions involved, as we have already indicated, factual issues different from those involved in his subsequent D.C.Code § 22–3204 trial. It is also important to note that unlike the situation which was present in *Ashe*, there were no inconsistencies between appellant's two convictions. Under these circumstances, the doctrine of collateral estoppel is not applicable to the instant case.

### IV

■ One final point is worthy of mention. Appellant objects that his two convictions relating to his possession and carrying of the pistol in question resulted from separate legal proceedings. However, since the charge relating to the violation of the District of Columbia Police Regulation was, in 1970, within the prosecutorial jurisdiction of the District of Columbia Corporation Counsel's office and under the jurisdiction of the District of Columbia Court of General Sessions, while the D.C.Code § 22–3204 charge was under the prosecutorial authority of the United States Attorney's office and within the jurisdiction of the United States District Court, it is apparent that the two prosecutions of appellant could not have been combined in one proceeding.[13]

Affirmed.

FAHY, Senior Circuit Judge, concurs in the result.

---

11. The fact that both offenses were discovered simultaneously by Officer Hardy from the same factual situation is not controlling, for it is well recognized that separate convictions for distinct offenses may properly be obtained even though they arose from the same general factual setting. *See* Blockburger v. United States, 284 U.S. 299, 303–304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ; United States v. Butler, —— U.S.App.D.C. ——, 462 F.2d 1195 (decided April 6, 1972). *See also* Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958). Bell v. Kansas, *supra* note 8, 452 F.2d at 791–792, is a very similar case on the facts. It was there held that a subsequent conviction in state district court for owning, having and keeping a pistol in his possession and control after having "previously been convicted . . . of committing [certain felonies]", following a prior conviction in municipal court for violation of a city ordinance for carrying "on his person in a concealed manner [a] pistol," did not constitute double jeopardy because the facts in the two cases were not identical "in fact and law." *See* Waller v. Florida, *supra* note 8, 397 U.S. at 390, 90 S.Ct. 1184. The

Court noted that the same evidence would not prove both offenses, there being additional elements in each.

12. " 'Collateral estoppel' . . . means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, *supra* note 9, 397 U.S. at 443, 90 S.Ct at 1194 (Stewart concurring).

13. *See* D.C.Code §§ 11–901, 923, 23–101 (Supp. IV, 1971) concerning the effects of the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.Law 91–358, 84 Stat. 473, on this jurisdictional question. However, these new provisions were not in effect when appellant was tried. *See also*, D.C.Code § 23–101 (1967) for the law applicable to the prosecution of these offenses. Justice Brennan would even create an exception from his suggested same transaction test under such circumstances where "no single court had jurisdiction of all the alleged crimes." Ashe v. Swenson, *supra* note 9, 397 U.S. at 453 n. 7, 90 S.Ct. at 1199.