In the Matter of WILLIE ABRAHAM et al., Petitioners, v. JUSTICES OF THE NEW YORK SUPREME COURT OF BRONX COUNTY et al., Respondents.

First Department, January 31, 1974.

*Lenefsky, Gallina, Mass, Berne & Hoffman* (*Gino E. Gallina* of counsel), for petitioners.

*Mario Merola, District Attorney* (*Peter Grishman* of counsel), for respondents.

STEUER, J. This is an article 78 proceeding in the nature of prohibition to prevent the trial of the petitioners pursuant to separate indictments charging each of them with criminal possession of a dangerous drug. It appears that all of these petitioners were defendants in a prosecution in the United States District Court under an indictment charging them with conspiracy to violate sections 812 and 841 (subd. [a], par. [1] and subd. [b], par. [1], cl. [A]) of title 21 of the United States Code. Among the overt acts charged in that indictment was the possession of the identical drugs specified in the State court indictments. Concededly this possession was proved and the defendants were convicted.

At the outset it should be pointed out that the ground for petitioners' application is not a common-law nor a constitutional claim based on double jeopardy. As such it would fail (*Bartkus* v. *Illinois,* 359 U. S. 121.) It is a New York statute, CPL 40.20, which states that a person may not be separately prosecuted for two offenses based upon the same act or criminal transaction. Our courts do not recognize the "two sovereignties" doctrine making an act which violates State and Federal law punishable separately in both jurisdictions. The prohibition in the section applies where the prior conviction was in a United States court (*People* v. *Lo Cicero,* 14 N Y 2d 374, 377 *et seq.*).

The cited section contains a number of exceptions and the District Attorney, in opposing this application, seeks to bring

the State prosecution within at least one of them. He points out that the Federal prosecution embraced a conspiracy which was far beyond the acts charged in these indictments, participated in by persons in addition to those charged here and established by overt acts in addition to those charged here. He concedes, however, that the same possession of the same drugs was among the acts charged and proved and for which a conviction was had. This does not constitute an exception. While a crime involving different elements though arising out of the same transaction may be prosecuted (CPL 40.20, subd. 2, par. [a]; *People* v. *Lo Cicero, supra,* p. 379), acts which constitute an element of the earlier conviction are immune. Where possession of the same drugs is involved the prior indictment is clearly a bar (*People ex rel. Liss* v. *Superintendent of Women's Prison,* 282 N. Y. 115; see *Matter of Cirillo* v. *Justices of Supreme Ct.,* 43 A D 2d 4).

We have frequently had occasion to point out that prohibition is an extraordinary remedy, available only where other procedures are not available. As it appears to us, the concession of the operative facts on this application leaves no ground for further resolution, and denial or remand would serve no purpose. The District Attorney, in not urging this procedural objection, would appear to agree.

The motion should be granted.

KUPFERMAN, J. (dissenting). I would deny the application.

While I recognize that prohibition may be the proper vehicle in a situation such as this (see *Matter of Art* v. *City Ct. of City of Rochester,* 35 A D 2d 1062 [4th Dept., 1970]; *Matter of Proskin* v. *County Ct. of Albany County,* 30 N Y 2d 15, 18; *Matter of Lee* v. *County Ct. of Erie County,* 27 N Y 2d 432, 437) the double jeopardy aspects of this proceeding are unclear, and a motion to dismiss the indictment would be a more appropriate procedure than that presently pursued.

NUNEZ, J. P., and MURPHY, J., concur with STEUER, J.; KUPFERMAN, J., dissents in an opinion in which TILZER, J., concurs.

Petition for writ of prohibition granted, without costs and without disbursements, and respondents are prohibited from trying petitioners pursuant to separate indictments (Indictment Nos. 32/72 — 36/72) charging each of them with the crime of criminal possession of a dangerous drug.