COUSINS *v.* STATE OF MARYLAND

[No. 123, September Term, 1975.]

*Decided April 8, 1976.*

384

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ., and RAYMOND G. THIEME, Associate Judge of the District Court of Maryland for District 7, specially assigned.

*William T. Wood* for appellant.

*Arrie W. Davis, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, David B. Allen, Assistant Attorney General, Andrew L. Sonner, State's*

*Attorney for Montgomery County*, and *Ronald G. Scheraga, Assistant State's Attorney for Montgomery County*, on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

In this case we are presented with the question of whether successive trials on charges arising from what is claimed to be the same criminal transaction are prohibited by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution or by common law principles pertaining to double jeopardy applicable in this State.

The facts of this case, as alleged by the State, are as follows. Marilyn Neal and Ronald Wood were employed as store detectives by the Hecht Company at Montgomery Mall Shopping Center on December 27, 1974. They were in the men's clothing department when they noticed George Calvin Cousins and Ina Brown touching several articles of clothing but not really appearing to be interested in the clothes. The two detectives continued to watch Mr. Cousins and Mrs. Brown for a few minutes until the pair left that department. Being suspicious, they asked a salesperson to alert them should Mr. Cousins and Mrs. Brown return to the men's department.

Approximately fifty minutes later the two detectives were informed that Cousins and Brown had returned to the men's department. From a vantage point in an adjacent department, Miss Neal and Mr. Wood watched as Mrs. Brown removed leather coats from a display rack and handed them to Mr. Cousins. He placed them in a fabric suit bag. In all, seven leather coats were taken. Cousins and Brown then proceeded to leave the store, walking down a main aisle past a cash register and through a doorway to an enclosed shopping mall. Mr. Cousins was carrying the suit bag which, because of its weight, he dragged along the floor.

Miss Neal and Mr. Wood followed the pair out of the store, exiting by an adjacent door. Once outside the store and in the public mall, Miss Neal confronted Mr. Cousins, identifying herself as a store detective. She told Cousins that

he was under arrest for shoplifting and requested that he return the merchandise. Cousins at first asked what merchandise, but when Miss Neal repeated her demand, Cousins said, "These are my leathers." He pointed a knife directly at her. At this time Miss Neal was about two or three feet from Cousins, with Wood to her side and slightly behind her. Upon seeing the knife, she leaned back and motioned Wood to do likewise.

Mr. Cousins and Mrs. Brown continued to walk out of the mall, Cousins dragging the suit bag with one hand and carrying the knife with the other. Neal and Wood followed. When they reached a set of glass doors of a walkway leading to the mall parking lot, Mrs. Brown held the doors open for Mr. Cousins. At this point, Cousins handed the knife to Brown. Mrs. Brown waved the knife at Neal and Wood to keep them away as she and Cousins proceeded to their car on the parking lot. Upon reaching the car, the two got in and sped away. Mr. Wood noted the license plate number of their car. The elapsed time from when all of the coats were placed in the bag to when the pair drove away was approximately two minutes.

Miss Neal and Mr. Wood immediately reported the incident to the police. They swore out a warrant for both George Cousins and Ina Brown on December 27, 1974. The warrant pertaining to Cousins charged shoplifting and an assault upon both Neal and Wood. Cousins and Brown were arrested in the District of Columbia on the same night. Trial on the charges set forth in the warrant was scheduled for February 13, 1975, in the District Court of Maryland, Montgomery County.

On January 29, 1975, an eight count indictment against George Cousins was returned by the Grand Jury for Montgomery County. The indictment charged two counts of larceny, two counts of shoplifting, two counts of receiving stolen property, one count of assault upon Marilyn Neal and one count of carrying openly a weapon with intent to injure.

Trial on the warrant was held on February 13, 1975, before the district court in Montgomery County (Sanders, J.). The State, noting that an indictment had been filed

against Cousins charging an assault upon Marilyn Neal, elected to proceed in the district court only on the charge of assault upon Ronald Wood which was not included in the indictment. After hearing the testimony of Miss Neal and Mr. Wood, the district court found Cousins not guilty of assaulting Wood. The court stated that while the evidence was sufficient to establish an assault by Cousins upon Marilyn Neal, it was not sufficient to establish an intent on the part of Cousins to assault Ronald Wood.

Thereafter, Cousins filed in the Circuit Court for Montgomery County a motion to dismiss the indictment on the grounds of collateral estoppel and double jeopardy. A hearing on the motion was held on June 16, 1975 (Shearin, J.). Cousins contended that under the doctrine of collateral estoppel, the State was barred from proceeding on the two counts of the indictment charging assault and carrying a weapon, as his previous acquittal had resolved the ultimate issue in those counts in his favor. Cousins also argued that under the "same transaction test," as expressed by Mr. Justice Brennan in a concurring opinion in *Ashe v. Swenson,* 397 U. S. 436, 448-461, 90 S. Ct. 1189, 1197-1202, 25 L.Ed.2d 469, 478-485 (1970), successive prosecutions on charges all arising from the same criminal transaction or episode are barred by the prohibition against double jeopardy. As he had already been placed in jeopardy for an offense arising from the events which occurred at the Hecht Company on December 27, 1974, he argued that to try him on any of the charges in the indictment would be to place him in jeopardy twice for the same offense.

The circuit court denied the motion to dismiss on two grounds. First, it found that no ultimate issue relating to the assault and the weapons charges had been resolved in Cousins's favor. The only issue resolved in favor of Cousins was that he did not assault Wood and not, as contended by Cousins, that the district court had impliedly found that Cousins was justified in resisting an unlawful arrest. In fact, the district court had expressly observed that the evidence presented there was sufficient to find Cousins guilty of assaulting Miss Neal. As to the remaining counts, the court

found that even assuming that the same transaction test were applicable, the offenses alleged in those counts were not part of the same transaction as involved in the assault charge before the district court. The theft and receiving offenses, the court pointed out, were completed at the time that the alleged assault took place. Cousins took an immediate appeal to the Court of Special Appeals, and we granted a writ of certiorari prior to a decision by the Court of Special Appeals.

As we recently discussed in *Thomas v. State*, 277 Md. 257, 353 A. 2d 240 (1976), the prohibition against double jeopardy, both under the Fifth Amendment and at common law, bars successive trials as well as multiple punishments for the same offense. *See North Carolina v. Pearce*, 395 U. S. 711, 89 S. Ct. 2072, 23 L.Ed.2d 656 (1969); *Ex Parte Lange*, 18 Wall. 163, 169 (1873); *Gilpin v. State*, 142 Md. 464, 121 A. 354 (1923). And the Supreme Court has held that the principle of collateral estoppel is embodied in the Fifth Amendment guarantee against double jeopardy, barring a second prosecution where the ultimate issues to be litigated have already been resolved in the accused's favor in a prior action even though the offenses may not otherwise be the same, *Ashe v. Swenson, supra,* 397 U. S. at 445-446. While Cousins has asserted a plea of double jeopardy based on collateral estoppel with respect to two counts of the indictment, he has also argued that the entire indictment must be dismissed because the double jeopardy principle prohibits successive trials for offenses which arise from the same criminal transaction, and that only one criminal transaction was involved here. It is this issue which we will consider first, for if he is correct, consideration of the collateral estoppel contention would be unnecessary.

Traditionally, the "same evidence" or "required evidence" test has been the standard for determining whether different statutory offenses are to be deemed the same for double jeopardy purposes. If each offense requires proof of a fact which the other does not, neither multiple prosecutions nor multiple punishments are barred by the prohibition against double jeopardy even though each offense may arise

from the same act or criminal episode. Only where one offense requires proof of a fact not required by the other, or where neither offense requires proof of an additional fact, are the offenses deemed the same for double jeopardy purposes, with successive prosecutions and multiple punishments being prohibited. *Blockburger v. United States*, 284 U. S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932); *Gavieres v. United States*, 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489 (1911); *Thomas v. State, supra.*

The required evidence test as used in multiple prosecution situations was challenged by Mr. Justice Brennan in a separate opinion in *Abbate v. United States*, 359 U. S. 187, 196-201, 79 S. Ct. 666, 671-674, 3 L.Ed.2d 729, 735-738 (1959), in which he also delivered the opinion of the Court, and in a concurring opinion in *Ashe v. Swenson, supra*, 397 U. S. at 448-461, as failing to satisfy the underlying principles of the Fifth Amendment's double jeopardy clause. Noting that one of the purposes of the double jeopardy clause was to prohibit the state from repeatedly attempting to convict an individual " 'thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity,' " Mr. Justice Brennan concluded "that successive . . . prosecutions of the same person based on the same acts are prohibited by the Fifth Amendment even though brought under . . . statutes requiring different evidence and protecting different . . . interests." *Abbate v. United States, supra*, 359 U. S. at 199, 197. He proposed that the prosecution be required to join at one trial all charges arising out of a single criminal act or episode, *Ashe v. Swenson, supra*, 397 U. S. at 453-454:

> "In my view, the Double Jeopardy Clause requires the prosecution, except in most limited circumstances, to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction. This 'same transaction' test of 'same offence' not only enforces the ancient prohibition against vexatious multiple prosecutions embodied in the Double Jeopardy Clause, but responds as well to the

increasingly widespread recognition that the consolidation in one lawsuit of all issues arising out of a single transaction or occurrence best promotes justice, economy, and convenience. Modern rules of criminal and civil procedure reflect this recognition." [1]

Despite the constitutional dimensions of the same transaction test proposed by Mr. Justice Brennan, it is in essence a compulsory joinder provision. Certain exceptions would be permitted. Joinder would not be required where the state, after diligent investigation, did not discover the second offense, or where no single court had jurisdiction over all offenses, or where joinder would be prejudicial to either the state or the accused, 397 U. S. at 453 n. 7, 455 n. 11. Moreover, the same transaction test would not be used to define the meaning of "same offense" in the Fifth Amendment for all purposes; it would only compel the prosecution to join all offenses arising from a single criminal act, episode or transaction in a single trial. Thus, the required evidence test apparently would still be used by Mr. Justice Brennan to determine whether separate statutory offenses tried in a single action were the same for double jeopardy purposes so as to prohibit multiple punishments from being imposed. *Ashe v. Swenson, supra,* 397 U. S. at 460 n. 14; *Abbate v. United States, supra,* 359 U. S. at 198.

Several states have adopted the same transaction test in multiple prosecution cases as a means of implementing a state constitutional prohibition against double jeopardy. In *State v. Brown,* 262 Ore. 442, 497 P. 2d 1191, 1198 (1972), the Supreme Court of Oregon held that as a matter of state constitutional law:

" . . . a second prosecution . . . for the 'same offense'

---

**1.** As to the meaning or scope of the "same transaction" concept, Mr. Justice Brennan took the position that it must be flexible so as to effectuate the underlying purpose of the double jeopardy clause. He suggested that guidance in the application of the same transaction test could be found in those decisions interpreting the meaning of "same transaction" as used in the Federal Rules of Criminal and Civil Procedure, or in those cases determining the proper exercise of pendent jurisdiction and employing the standard of "common nucleus of operative fact." *Ashe, supra,* 397 U. S. at 454 n. 8.

. . . is prohibited if (1) the charges arise out of the same act or transaction, and (2) the charges could have been tried in the same court, and (3) the prosecutor knew or reasonably should have known of the facts relevant to the second charge at the time of the original prosecution."

But the court emphasized that the "same transaction" test was limited to situations involving multiple prosecutions and was not intended to prohibit multiple punishments for different offenses arising out of the same criminal act or episode if prosecuted at a single trial. *State v. Brown, supra,* 497 P. 2d at 1199.[2] For other cases adopting the same transaction test as a matter of state constitutional law, *see People v. White,* 390 Mich. 245, 212 N.W.2d 222, 228 (1973) (holding that offenses committed in a continuous time sequence and displaying a single intent and goal must be joined in a single prosecution); *Commonwealth v. Campana,* 452 Pa. 233, 304 A. 2d 432 (1973), *vacated and remanded,* 414 U. S. 808, 94 S. Ct. 73, 38 L.Ed.2d 44 (1973), *aff'd,* 455 Pa. 622, 314 A. 2d 854 (1974).

In some other states, statutory compulsory joinder statutes and judicial interpretation of those statutes have had a like effect. *Neal v. State,* 55 Cal. 2d 11, 9 Cal. Rptr. 607, 612-613, 357 P. 2d 839 (1960) (statutory prohibition of successive trials for "an act or omission" made punishable by various statutory provisions); *State v. Corning,* 289 Minn. 382, 184 N.W.2d 603, 605-606 (1971) (multiple prosecutions are barred where offenses result from a "single behavioral incident"); *Smith v. State,* 486 P. 2d 770, 771 (Okla. Cr. App. 1971) (prior acquittal or conviction on one offense bars a subsequent prosecution for another if both offenses are "incident to one objective"). And the Supreme Court of New Jersey, exercising administrative and procedural powers vested in it by the state constitution, has adopted §

---

**2.** The principles established in *State v. Brown* relating to the same transaction test were later reaffirmed by the Supreme Court of Oregon in State v. Boyd, 271 Ore. 558, 533 P. 2d 795 (1975), and State v. Hammang, 271 Ore. 749, 534 P. 2d 501 (1975). The court in *State v. Hammang,* however, disapproved of the particular result in *Brown* in light of the facts of the case.

1.07 (2) of the Model Penal Code. *State v. Gregory,* 66 N. J. 510, 333 A. 2d 257 (1975) (successive trials for offenses based "on the same conduct or arising from the same criminal episode" are prohibited). [3]

The majority of states, however, have not adopted the same transaction test but have continued to apply the required evidence test for defining whether two offenses are the same for double jeopardy purposes. For cases rejecting the same transaction test, *see, e.g., Martinez v. People,* 174 Colo. 365, 484 P. 2d 792, 794-795 (1971); *Hampton v. State,* 304 So. 2d 498, 499-500 (Fla. App. 1974); *State v. Tanton,* 88 N. M. 333, 540 P. 2d 813, 816 (1975); *State v. Cobb,* 18 N. C. App. 221, 196 S.E.2d 521, 523-524 (1973); *Kupiec v. State,* 493 P. 2d 444, 446 (Okla. Cr. App. 1972); *State v. Pickering,* S. D., 225 N.W.2d 98, 100-101 (1975); *Jones v. State,* 514 S.W.2d 255, 256 (Tex. Cr. App. 1974); *State v. Elbaum,* 54 Wis. 2d 213, 194 N.W.2d 660, 663-664 (1972); *see also Kuklis v. Commonwealth,* 361 Mass. 302, 280 N.E.2d 155, 158-159 (1972).

Although a few states have adopted the same transaction standard as a matter of state law, it has not been applied as a federal constitutional requirement. In *Morgan v. Devine,* 237 U. S. 632, 641, 35 S. Ct. 712, 59 L. Ed. 1153 (1915), the Supreme Court rejected the contention that the identity of offenses for double jeopardy purposes is based upon the criminal act or occurrence rather than the elements of each separate offense alleged, stating (237 U. S. at 641):

" . . . this court has settled that the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both

---

3. New York has a statutory double jeopardy provision which prohibits successive prosecutions with several broad exceptions such as where each offense contains an element which the other does not and each statutory provision is designed to prevent a different harm or evil. N.Y. Crim. Pro. L. § 40.20 (2). *See* Abraham v. Justices of New York, Etc., 43 A.D.2d 414, 352 N.Y.S.2d 451 (1974). This is essentially the same as the required evidence test. Multiple prosecutions may be barred, however, as a matter of state constitutional law if the record discloses harassment. Nolan v. Court of General Sessions of County of N.Y., 11 N.Y.2d 114, 227 N.Y.S.2d 1, 181 N.E.2d 751, 753 (1962).

charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes."

*See Carter v. McClaughry,* 183 U. S. 365, 394-395, 22 S. Ct. 181, 46 L. Ed. 236 (1902). And in *Gavieres v. United States, supra,* 220 U. S. at 341, 342, the Court emphasized that multiple prosecutions are barred by the double jeopardy clause only when the offenses charged in both prosecutions are the same under the required evidence test:

"It is to be observed that the protection intended and specifically given is against second jeopardy for the *same offense.* . . .

\* \* \*

"It is true that the acts and words of the accused set forth in both charges are the same; but in the second case it was charged, as was essential to conviction, that the misbehavior in deed and words was addressed to a public official. In this view we are of the opinion that while the transaction charged is the same in each case, the offenses are different."

Applying the required evidence test, the Court found that the offenses charged in each prosecution were different and that, therefore, the second prosecution was not barred by the first.[4]

The lower federal courts have declined to adopt the same transaction test in cases involving multiple prosecutions in view of the Supreme Court's reluctance to do so, applying instead the required evidence test. In *United States v. Wilder,* 463 F. 2d 1263 (D.C. Cir. 1972), the court held that successive prosecutions for failing to register a firearm and for possession of a firearm without a license did not violate

---

**4.** *Gavieres* involved a statutory double jeopardy prohibition applicable to the Philippine Islands, but the Court stated that the statute had the same meaning as the constitutional protection against double jeopardy, 220 U. S. at 341. And *see* Kepner v. United States, 195 U. S. 100, 121-124, 24 S. Ct. 797, 49 L. Ed. 114 (1904).

the double jeopardy clause. Both charges arose from the defendant's possession of the firearm, and the court, applying the required evidence test, found that the offenses were not the same. The Court went on to reject the defendant's double jeopardy claim that since both offenses arose from the same act, only one prosecution was constitutionally permissible. The court specifically noted that the Supreme Court had not adopted the same transaction test advocated by Mr. Justice Brennan, 463 F. 2d at 1266 n. 9. *See also United States v. Cala,* 521 F. 2d 605, 607 (2d Cir. 1975); *Bell v. State of Kansas,* 452 F. 2d 783, 792 (10th Cir. 1971), *cert. denied,* 406 U. S. 974, 92 S. Ct. 2421, 32 L.Ed.2d 674 (1972); *Hattaway v. United States,* 399 F. 2d 431, 432-433 (5th Cir. 1968).

The appellant in the instant case urges us to interpret the Fifth Amendment guarantee against double jeopardy as embodying the same transaction test in multiple trial situations. However, we are not free to do so. We are bound by the Supreme Court's holding that multiple prosecutions are barred under the double jeopardy clause only for offenses which are the same under the required evidence test. In *Oregon v. Hass,* 420 U. S. 714, 719, 95 S. Ct. 1215, 43 L.Ed.2d 570 (1975), the Supreme Court rejected a similar contention that a state court could interpret the Fourth Amendment more restrictively than the Supreme Court, stating:

> " . . . a State is free *as a matter of its own law* to impose greater restrictions on police activity than those this Court holds to be necessary upon federal constitutional standards. . . . But, of course, a State may not impose such greater restrictions as a matter of *federal constitutional law* when this Court specifically refrains from imposing them."

Nor has Maryland a constitutional or statutory double jeopardy provision as do the states where the same transaction test has been adopted.[5] Consequently, in the

---

5. *See* Maryland Commission on Criminal Law, Proposed Criminal Code § 5.40 (1972 draft), proposing a statutory double jeopardy prohibition.

absence of any common law right or rule of procedure existing in Maryland requiring compulsory joinder of all offenses arising from the same act, conduct or criminal episode, there would be no basis for adopting the same transaction test.

Maryland has never recognized a common law right to have joined at one trial all offenses arising from the same transaction. While recognizing that common law principles prohibit multiple prosecutions and multiple punishments for the same offense, *Gilpin v. State, supra*, 142 Md. at 466, this Court has rejected the contention that offenses are the same for double jeopardy purposes because they arise from the same criminal act or transaction.

In *Novak v. State*, 139 Md. 538, 115 A. 853 (1921), a case similar to the instant case, this Court held that a plea of former acquittal would not lie to an indictment charging assault, assault with intent to rob, and robbery of a truck driver where the defendant had been previously acquitted on a similar indictment charging the assault and robbery of the driver's co-worker. The offenses in both indictments arose from a single robbery of a liquor truck. The Court, observing that the required evidence under the first indictment would not necessarily be sufficient to convict on the second indictment, said (139 Md. at 540-541):

> "The fact that the two offenses may be attributable to the same occasion does not entitle the defendant to rely upon his acquittal of an assault upon one person as a bar to his prosecution for a similar attack upon a different individual. But with respect also to the . . . [robbery and assault with intent to rob] counts of the indictment the plea is insufficient. Its theory is that because Crowell and Sklon were both in charge of the truck from which the whisky was taken, and were both victims of the robbery, the failure to convict the defendant on a charge of robbing Sklon of the whisky renders him immune from criminal liability for a similar offense committed against Crowell at the same time and place. *In support of this defense it is*

> *argued that the robbery charged in the two indictments was a single transaction involving the same persons and property and constituting but one offense against the State.* If the defendant had been charged in each instance simply with the larceny of the whisky mentioned in the two indictments, the contention now made in his behalf would have greater force. But the larceny was only one of the elements of the robbery of which the defendant has been convicted. He was charged with feloniously assaulting a named individual and taking the whisky from him against his will. It is no answer to such a charge to say that he had been previously acquitted of having taken the whisky from another person on the same occasion. *The robbery charged in the present indictment as having been committed upon Crowell is the occurrence with which the State is here concerned. The evidence upon which the defendant was convicted of that crime might have been wholly insufficient to implicate him in the robbery of Sklon for which he was tried in the former case."* (Emphasis supplied.)

As made clear in *Novak*, the test of whether a prior acquittal or conviction on one charge bars a subsequent trial on another is not whether both charges arose from the same criminal act or transaction but whether the same offense is charged under the required evidence test. *See also Rouse v. State*, 202 Md. 481, 97 A. 2d 285, *cert. denied*, 346 U. S. 865, 74 S. Ct. 104, 98 L. Ed. 376 (1953); *State v. Coblentz*, 169 Md. 159, 180 A. 266 (1935); *Gilpin v. State, supra.*

Thus, we find no basis for applying the same transaction test under the circumstances here presented. The Supreme Court has not adopted it as a matter of federal constitutional law. There is no State constitutional or statutory provision requiring joinder of all charges arising from a single criminal act or episode. Nor do prior Maryland cases reflect any common law right to have joined at one trial all charges arising from a single act or transaction. Finally, nothing in

the Maryland Rules of Procedure requires joinder of all charges arising from a single transaction.

We recognize, however, that there may be situations where the required evidence test, coupled with the principle of collateral estoppel, might not be adequate to afford the protection against undue harassment embodied in the purpose of the prohibition against double jeopardy. *See State v. Currie,* 41 N. J. 531, 197 A. 2d 678, 683 (1964); [6] *Nolan v. Court of General Sessions of County of N.Y.,* 11 N.Y.2d 114, 227 N.Y.S.2d 1, 181 N.E.2d 751, 753 (1962). If such a situation arises, we may then consider whether joinder should be required. But we are not presented with such a case. The prosecutions here are neither arbitrary nor particularly burdensome. The prosecution in the district court for assault on Ronald Wood was based upon a warrant. The remaining charges are all contained in a single indictment. There is no evidence that the separate prosecutions were for the purpose of harassing or "wearing down" Cousins, or in expectation of procuring a harsher penalty, evils which the double jeopardy clause was intended to prevent. *See Green v. United States,* 355 U. S. 184, 78 S. Ct. 221, 2 L.Ed.2d 199, 61 A.L.R.2d 1119 (1957).

Applying the required evidence test, we find that Cousins would not be placed in jeopardy twice by a trial on the indictment before us. Those counts of the indictment charging larceny, shoplifting, and receiving stolen property all obviously require different evidence and have different elements than the previous charge of assault. The count charging violation of Maryland Code (1957, 1971 Repl. Vol.), Art. 27, § 36, carrying a weapon openly with intent to injure, requires proof that the defendant carried a weapon openly, an element not found in the offense of assault. Assault requires proof of an attempt to injure another by force, an element not found in the Art. 27, § 36, offense. *Yantz v. Warden,* 210 Md. 343, 351, 123 A. 2d 601, *cert. denied,* 352 U. S. 932, 77 S. Ct. 236, 1 L.Ed.2d 167 (1956). Thus, the offenses

---

6. New Jersey has subsequently adopted compulsory joinder provisions. *See* State v. Gregory, *supra.*

are not the same for double jeopardy purposes under the required evidence test. And a prior acquittal for an assault upon one person does not bar a subsequent prosecution for assault upon another even though both offenses may have occurred at the same time, as both are separate offenses. *See Novak v. State, supra*, 139 Md. at 540-541.

Finally, Cousins's plea of double jeopardy based on collateral estoppel to the assault and weapons charges must likewise be rejected. Collateral estoppel prevents the State from litigating a second time an issue of ultimate fact where there has already been a final determination of that issue in the accused's favor. *Ashe v. Swenson, supra*, 397 U. S. at 443. As the court below noted, no ultimate issue of fact pertinent to any charge in the indictment was resolved in the district court. The district court found only that no assault on Ronald Wood had been established. It specifically commented that the evidence was sufficient to establish an assault on Miss Neal. And the ultimate issue of fact upon which Cousins now seeks to rely, namely that any alleged assault was justified in resisting an illegal arrest, was expressly rejected by the district court.

*Order denying the motion to dismiss affirmed.*
*Appellant to pay costs.*