## ALFORD ROBUS CAREY, JR. *v.* STATE OF MARYLAND

[No. 488, September Term, 1977.]

*Decided November 8, 1977.*

690

The cause was argued before MORTON, THOMPSON and LISS, JJ.

*George E. Burns, Jr., Assistant Public Defender,* with whom were *Alan H. Murrell, Public Defender,* and *T. Joseph Touhey, District Public Defender,* on the brief, for appellant.

*Robert C. Ozer, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

On August 30, 1976, Alford Robus Carey, Jr., the appellant, was indicted on ten counts of bribery and two counts of extortion by the Grand Jury for Anne Arundel County. On November 15, 1976, the appellant filed a motion to dismiss the indictment alleging the violation of a plea bargaining agreement in a prior case in which the appellant had pled guilty to forgery and false pretenses. After a full hearing, the trial judge on January 11, 1977, denied the motion, finding no violation of the plea bargaining agreement. After a status conference on February 16, the trial judge fixed the trial date for May 31, and allowed the appellant three weeks in which to file pretrial motions and the State two weeks thereafter in which to answer. On May 24, after the time had expired, the appellant filed a motion to dismiss the indictment alleging preindictment delay and prosecutorial misconduct. The State promptly answered and a hearing was held on the motion on May 31, June 1, 2, and 3. Much of the testimony produced by the appellant and the State was a rehash of testimony that had been presented on the prior motion. On the morning of June 3, the appellant filed what he designated a supplemental motion to dismiss, alleging double jeopardy. At the end of the day the trial judge announced his intentions to start the trial on Monday, June 6, and to hold the motions to dismiss *sub curia.* At the end of the day the appellant filed this appeal in which he alleges that the trial judge erred in refusing to dismiss the indictment as violative of the prohibition against double jeopardy. The State filed a motion to dismiss the appeal arguing it was premature, citing *Neal v. State,* 272 Md. 323, 322 A. 2d 887 (1974) and *Taylor v. State,* 22 Md. App. 370, 323 A. 2d 648 (1974). The motion was denied on June 13, 1977 in light of *Claybrooks v. State,* 36 Md. App. 295, 374 A. 2d 365 (1977).

The facts that gave rise to the double jeopardy claim are

as follows. On July 22, 1975, the Grand Jury for Anne Arundel County returned an indictment against the appellant on the forgery and false pretenses charges mentioned above. The indictment arose out of appellant's activities as Executive Director of the Interagency Committee on School Construction (IAC). During his tenure as Director, the IAC advertised bids for relocatable classrooms. On June 6, 1972, Globe Industries, Inc. received a contract for the construction of the classrooms. A change order was made on February 20, 1973, to reflect the purchase of additional classrooms and as a part of this change order Globe agreed to construct foundations at the sites of the classroom buildings. This aspect of Globe's obligation was subcontracted to R & M Erectors, an unincorporated business operated by Robert R. Hastings, Sr.

The activity of the appellant which led to the forgery and false pretenses indictment began when he prepared a false invoice from R & M Erectors in the amount of $22,105.19 dated November 1, 1973 for work that had not been performed. The appellant approved the invoice and received a check from the State in the full amount, payable to Robert R. Hastings. On November 23, 1973, the appellant entered a branch of the Equitable Trust Company and opened a checking account in the name of Hastings with the check he had received, and money from the checking account was then used to pay personal debts.

The appellant entered into an agreement with the State on January 9, 1976, to plead guilty to those counts of the indictment charging him with common law forgery and obtaining money by false pretenses. As part of the agreement the State agreed not to seek further indictments for crimes based on evidence "already in the possession of and fully developed by the State" as of that date.

The present indictment, charging the appellant with bribery and extortion, arose out of payments alleged to have been made by officers of Globe to the appellant in connection with the contract for the construction of relocatable classrooms.

It is the appellant's contention that the indictment for bribery and extortion is barred by his previous conviction for forgery and false pretenses by the double jeopardy clause. We see no merit in the contention.

When an individual is charged with two separate offenses arising out of the same criminal transaction the evidence is examined to determine whether each of the offenses requires proof of a fact the other does not in determining whether the constitutional prohibition against double jeopardy has been violated. *Brown v. Ohio*, 432 U. S. 161, 97 S. Ct. 2221, 53 L.Ed.2d 187 (1977); *Cousins v. State*, 277 Md. 383, 354 A. 2d 825 (1976), *cert. denied*, 429 U. S. 1027, 97 S. Ct. 652, 50 L.Ed.2d 631. The appellant does not attempt to argue that this test has been satisfied. Rather, he maintains the test is inapplicable in this case under *dicta* contained in *Cousins v. State, supra.*

In *Cousins*, the Court of Appeals noted the required evidence test had been challenged by Justice Brennan in *Abbate v. United States*, 359 U. S. 187, 79 S. Ct. 666, 3 L.Ed.2d 729 (1959) and *Ashe v. Swenson*, 397 U. S. 436, 90 S. Ct. 1189, 25 L.Ed.2d 469 (1970) (concurring opinion). According to Justice Brennan, the double jeopardy clause should be read so that the State would be required to join all charges arising out of a single criminal act or episode in one trial. Judge Eldridge, speaking for the Court in *Cousins*, noted that although the same transaction test enunciated by Justice Brennan had been applied by a number of state courts in interpreting state constitutional provisions, the Supreme Court follows the required evidence test. *Morgan v. Devine*, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153 (1915). We are, of course, bound by the decisions of the Supreme Court in interpreting the Constitution of the United States. *Oregon v. Hass*, 420 U. S. 714, 95 S. Ct. 1215, 43 L.Ed.2d 570 (1975). Maryland has no constitutional or statutory provisions against double jeopardy and the common law is not more restrictive than the required evidence test.

Even though the same evidence test is to be applied, the

694

Court in *Cousins* indicated the rule might not apply in every case:

"We recognize, however, that there may be situations where the required evidence test, coupled with the principle of collateral estoppel, might not be adequate to afford the protection against undue harassment embodied in the purpose of the prohibition against double jeopardy." 277 Md. at 397.

Utilizing this language, the appellant argues that the required evidence test should not be applied where the prosecutor possesses facts which would justify either of two criminal charges arising out of the same transaction but purposefully elects to prosecute the charges separately. In support of this argument the appellant primarily relies on *State v. Godfrey*, 139 N.J. Super. 135, 353 A. 2d 101 (1976). The basic flaw in this argument is that the crimes with which the appellant is charged relate to two separate criminal transactions. The forgery and false pretenses indictment related to the appellant's activities in falsifying certain documents in order to obtain money from the State. While the bribery and extortion charges also relate to the same contract, these allegations of wrong doing are concerned with the appellant's dealings with certain officers of Globe. The acts that gave rise to the charges of forgery and false pretenses as set forth in the statement of facts when the guilty plea on these charges was accepted by the trial judge, occurred between November 1, 1973 and October 29, 1974, while the alleged bribery and extortion took place, according to the indictment, between August 28, 1972 and June 19, 1973. The various crimes cannot be deemed to be within a single criminal transaction merely because they related to the same contract, as the appellant seems to suggest, even if Maryland followed the transaction test, which it does not.

Whatever merit, if any, the appellant's argument may

have bears on the question of preindictment delay and prosecutorial misconduct, i.e. due process of law. We carefully indicate no opinion thereon because the question is not before us at this time.

*Order affirmed.*
*Appellant to pay the costs.*
*Mandate to issue forthwith.*