476 A.2d 1183

**Avery Tilton ECCLES**

v.

**STATE of Maryland.**

**No. 1294, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

July 11, 1984.

John T. Szymkowicz, Washington, D.C., for appellant.

Bernard A. Penner, Asst. Atty. Gen., with whom were Stephen H. Sachs, Atty. Gen., Arthur A. Marshall, Jr., State's Atty. and Marjorie L. Clagett, Asst. State's Atty., Prince George's County, on the brief, for appellee.

Argued Before GILBERT, C.J., and LISS and GETTY, JJ.

GETTY, Judge.

At his first trial, Avery Tilton Eccles, appellant herein, was convicted by a jury in the Circuit Court for Prince George's County of committing a Fourth Degree Sexual Offense. He was acquitted of six other offenses charged in the indictment. The jury advised the court that it could not agree upon a verdict as to the charge of second degree rape. Appellant moved for a mistrial as to that offense and the motion was granted by the trial court.

Two months later, on June 15, 1983, appellant was retried on the second degree rape charge with the State adding charges of attempted second degree rape and assault and battery which were not included in the original indictment. Appellant on retrial was acquitted of second degree rape, but convicted of attempted second degree rape and assault and battery, resulting in a sentence of nine years imprisonment for the attempted rape and a concurrent term of two years for the assault and battery. Sentencing for the prior conviction for fourth degree sexual offense was deferred pending retrial. The sentence imposed for that offense was

six months imprisonment, to run concurrently with the other sentences. Not surprisingly, this appeal followed.

We hold that retrial under the circumstances of this case does not constitute double jeopardy; that double jeopardy is not applicable to the lesser included offense of attempted second degree rape, because it is inapplicable to the predicate offense; that assault and battery is not a lesser included crime of a fourth degree sexual offense; and that Md. Rule 746 is not violated by the additional charges included on retrial.

Appellant questions:

1.   Whether it was reversible error for appellant to be retried for second degree rape after conviction of the lesser included charge of fourth degree sexual offense, thus constituting double jeopardy?

1.a  Assuming that double jeopardy bars prosecution for second degree rape, whether it also bars prosecution for the included offense of attempted second degree rape?

1.b  Whether a conviction for a fourth degree sexual offense creates a double jeopardy bar for subsequent prosecution of its included offense, assault and battery?

2.   Assuming that jeopardy did not attach previously, does Md. Rule 746(a) preclude trial on the charges of attempted second degree rape and assault and battery?

Our first consideration is whether retrial on the charge of second degree rape is precluded by the doctrine of former jeopardy. We conclude that it is not. Appellant relies on *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). In *Green,* the defendant was charged with first degree and second degree murder. The jury convicted on the second degree charge, but was silent as to first degree murder. The conviction was reversed on appeal and on remand the defendant was tried again for first degree murder under the original indictment. He was

found guilty of first degree murder and was sentenced to death. In an opinion by Black, J., five members of the Court held that the second trial placed the defendant in jeopardy twice for the same offense in violation of the Fifth Amendment to the Constitution of the United States. The Supreme Court stated that most states in this country have regarded the jury's verdict, under the circumstances present in *Green*, as an implicit acquittal of the charge of first degree murder. The Court added a second reason for its decision: when a jury is dismissed without returning any express verdict on a first degree murder charge, and without the consent of the defendant, established principles of former jeopardy apply.

The case before us, however, does not fit precisely the mold of *Green*. Here, the jury was not silent as to the charge of second degree rape, but the court was told by a note from the jury that it was unable to reach a verdict as to that offense. Additionally, the jury was not discharged without the consent of the accused, but the discharge was at his express direction based upon his motion for mistrial. Under these facts, one cannot reasonably conclude that appellant was "implicitly acquitted" of second degree rape. In *Green*, the Supreme Court recognized that:

"... jeopardy is not regarded as having come to an end so as to bar a second trial in those cases where 'unforseeable circumstances ... arise during the first trial making its completion impossible, such as the failure of the jury to agree on a verdict.'" (Citing *Wade v. Hunter*, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949))

Although Maryland's Constitution contains no provision regarding former jeopardy, our cases hold that protection against former jeopardy is rooted in the common law. *State v. Barger*, 242 Md. 616, 220 A.2d 304 (1966); *Robb v. State*, 190 Md. 641, 60 A.2d 211 (1948); *Hoffman v. State*, 20 Md. 425 (1863); *Neal v. State*, 272 Md. 323, 322 A.2d 887 (1974). Since the Supreme Court's decision in *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the prohibition of former jeopardy contained in the

Fifth Amendment to the Constitution of the United States has been applicable to state court prosecutions under the due process clause of the Fourteenth Amendment.

■ Under *Hoffman, supra,* the application of the common law rule applicable in five states, including Maryland, meant that jeopardy did not attach until there had been a final verdict of either acquittal or conviction on a valid indictment. The Supreme Court in *Wade v. Hunter, supra,* treated mistrial/retrial as a double jeopardy issue. We shall, therefore, consider the attachment of jeopardy on retrial as attaching when the jury is sworn rather than when a verdict is rendered.

In R. Gilbert and C. Moylan, *Maryland Criminal Law: Practice and Procedure,* Sec. 37, "Double Jeopardy," the authors point out that the twin purposes of traditional double jeopardy law (preventing endless relitigation of matters previously decided and preventing multiple punishments) are unaffected by the mistrial/retrial principle. Sec. 37.7 of the text states:

"A different situation applies, however, when the mistrial is declared at the request of the defendant. Then, as a general proposition, the defendant will be deemed to have waived any objection to a retrial."

We hold, therefore, that the State was not precluded from retrying appellant following the grant of his motion for mistrial. *Accord, United States v. Perez,* 22 U.S. (9 Wheat) 579, 6 L.Ed. 165 (1824), (where jury unable to agree on a verdict was discharged by the Court, defendant was not exempted from being retried); *Smith v. State,* 299 Md. 158, 472 A.2d 988 (1984).

■ The procedural waters become murky when we consider the asserted right of the State to include on retrial two additional charges that could have been but, for reasons not clear to us, were not charged in the original indictment. Appellant rests his former jeopardy claim on the theory that attempted second degree rape is barred, because it is a lesser included offense of second degree

rape. We have heretofore concluded that jeopardy did not attach as to second degree rape and, therefore, prosecution for the attempt may not be defeated on the grounds asserted by appellant.

Appellant concedes, as indeed he must, that the earlier conviction of a sexual offense in the fourth degree may not be asserted as a defense to the charge of an attempt to commit a second degree rape. The distinction between the two crimes is made crystal clear in Judge Moylan's discussion in *Gray v. State*, 43 Md.App. 238, 403 A.2d 853 (1979). The *sine qua non* of a fourth degree sexual offense is sexual contact without the consent and against the will of the other person. In other words, the "contact" involves a completed act; not an attempt to commit the same. Attempted second degree rape involves a specific intent to commit a rape accompanied by force or threats and defeated only by the failure to accomplish vaginal intercourse.

Although a fourth degree sexual offense may in some cases be the equivalent of an assault and battery, we are not prepared to say that assault and battery is a lesser included offense of fourth degree sexual offense. The required evidence rule is the basis of the distinction. In the case *sub judice*, appellant was convicted of violating Article 27, Sec. 464C(a)(1) because he engaged

> "In sexual contact with another person against the will and without the consent of the other person."

Assault, by definition, requires proof of an attempt by force to injure another, *Cousins v. State*, 277 Md. 383, 354 A.2d 825 (1976); where the attempt is successful, a battery results. Thus, fourth degree sexual offense involves sexual contact, assault does not; assault requires an attempt to injure, fourth degree sexual offense does not. Although both crimes are misdemeanors, the Legislature in revising the sexual offense laws (Ch. 573, Laws 1976) expressed that certain acts of assault and battery should be reclassified as sexual offenses. The distinction intended is best expressed by the limitation of sentence provision in Art. 27, Sec. 464C

for conviction of a fourth degree sexual offense: one year imprisonment, or $1,000.00 fine, or both. There is no prescribed penalty for common law battery, except that it may not be constitutionally cruel or unusual. *Roberts v. Warden,* 242 Md. 459, 219 A.2d 254 (1965). Clearly, assault and battery is not a lesser included offense of a fourth degree sexual crime.

Appellant is understandably aggrieved by the result of his retrial considering that he has now been explicitly acquitted of second degree rape, but stands convicted of what he perceives to be lesser included offenses of that crime that were not a part of the initial indictment. In football, piling on can result in a fifteen yard penalty; in law, it may not be an infraction at all.

In *Cousins v. State, supra,* the Court of Appeals (Eldridge, J.) stated:

"There is no State constitutional or statutory provision requiring joinder of all charges arising from a single criminal act or episode. Nor do prior Maryland cases reflect any common law right to have joined at one trial all charges arising from a single act or transaction. Finally, nothing in the Maryland Rules of Procedure requires joinder of all charges arising from a single transaction."

The Court cited *Novak v. State,* 139 Md. 538, 115 A. 853 (1921) as expressing the appropriate test:

"The test of whether a prior acquittal or conviction on one charge bars a subsequent trial on another is not whether both charges arose from the same criminal act or transaction, but whether the same offense is charged under the required evidence test." (Citations omitted.)

The Court recognized in *Cousins* that there may be situations where the required evidence test might not be adequate to afford the protection against undue harassment embodied in the purpose of the prohibition against double jeopardy. Whether joinder should be required, the Court said, was for another day. *Cousins* involved a former

jeopardy claim based upon an acquittal in the District Court of a charge of assault upon a store detective, Ronald Wood. A prior indictment charged appellant with two counts of larceny, two counts of shoplifting, two counts of receiving stolen property and one count of assault upon Marilyn Neal, a second store detective acting in concert with Ronald Wood. In holding that former jeopardy did not apply under the required evidence rule, the Court did not consider the separate prosecutions to be arbitrary, or for the purpose of harassing Cousins, or in expectation of procuring a harsher punishment, evils that former jeopardy was intended to prevent.[1]

The case *sub judice* is not factually similar to *Cousins* in that we are not dealing with an assault upon one of two victims (*Cousins*), or robbery of one of two victims (*Novak*). Our review is confined to the belated filing of additional charges on retrial following a mistrial. The trial judge merged the sentences for fourth degree sexual offense and for assault and battery by ordering that the sentences were to run concurrently with the sentence imposed for attempted second degree rape.

From this record we cannot say that the State was over-reaching or motivated by a desire to seek additional punishment which, if established, would trigger a jeopardy issue. We point out, however, that we do not intend to express approval of the State's filing of additional charges upon a retrial, particularly where the facts were known and the issues generated when the first indictment was prepared. The better practice is for the State to determine at the outset what possible crimes may be involved and to proceed accordingly.

Appellant's counter offensive is that the additional charges are precluded by Md.Rule 746. He admits that the trial for second degree rape was timely, because the mis-

---

1. *Novak, supra,* is factually similar to *Cousins*. *Novak* involved an acquittal as to one of two co-employees who were the subject of a robbery.

trial tolled the 180 day time period. He asserts, however, that the State was required to dispose of *all* charges arising out of the indictment within 180 days of the first appearance of counsel. Dating from counsel's appearance on November 12, 1982, the 180 day limit expired by May 11, 1983. Retrial took place on June 15, 1983, which is 214 days from the initial appearance of counsel.

Appellant cites no authority in support of his interpretation of Rule 746, and we shall adhere to the established law that Md.Rule 746 applies to the original trial and not to retrials. *Donalds v. State*, 49 Md.App. 106, 430 A.2d 113 (1981); *State v. Mines*, 48 Md.App. 30, 425 A.2d 1044 (1981). We conclude that appellant's motion for mistrial as to second degree rape constitutes a waiver of the 180 day rule as to retrial on the second degree rape and the lesser included offenses of attempted rape and assault and battery. *See State v. Lattisaw*, 48 Md.App. 20, 425 A.2d 1051 (1980).

JUDGMENTS AFFIRMED.

COSTS TO BE PAID BY APPELLANT.