545 A.2d 653

**STATE of Maryland**

v.

**Raist Vernon FERRELL.**

**No. 97, Sept. Term, 1986.**

Court of Appeals of Maryland.

Aug. 5, 1988.

Jillyn K. Schulze, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on the brief), Baltimore, for appellant.

Mark Colvin, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellee.

Argued before ELDRIDGE, COLE, RODOWSKY, COUCH* and McAULIFFE, JJ., and MARVIN H. SMITH and CHARLES E. ORTH, Jr., Associate Judges of the Court of Appeals of Maryland (retired), Specially Assigned.

ELDRIDGE, Judge.

The issue in this case is whether a defendant's prosecution for use of a handgun in the commission of a felony or crime of violence is barred, under double jeopardy principles, by the defendant's prior conviction of armed robbery, where both prosecutions were based on the same act of robbery with a handgun.

The facts, taken largely from the parties' "Agreed Statement of Facts" under Maryland Rule 828 g, are as follows. The respondent, Raist Vernon Ferrell, was a participant in the robbery of Samuel Smith and others, on December 30, 1984, at an elementary school playground in Baltimore County. One of Ferrell's accomplices was armed with a handgun, but no other weapon was displayed by the robbers. Later on the day of the robbery, a District Court statement of charges was filed charging Ferrell with, *inter alia,* robbery and use of a handgun in the commission of a crime of violence.

About a month later, a twenty-one count indictment was filed in the Circuit Court for Baltimore County charging Ferrell with the armed robberies of Samuel Smith and the other victims. *See* Maryland Code (1957, 1987 Repl.Vol.),

---

* COUCH, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

Art. 27, § 488. That indictment contained counts charging lesser included offenses within the armed robbery charges but did not contain any counts alleging use of a handgun in the commission of a felony or crime of violence in violation of Art. 27, § 36B(d).

As the scheduled trial date of June 19, 1985, approached, the prosecuting attorney and defense counsel began plea negotiations. During these negotiations, the prosecutor discovered that a handgun count had inadvertently been omitted from the armed robbery indictment. In an attempt to remedy this oversight, the Assistant State's Attorney filed, on June 18, 1985, the day before the robbery trial, a criminal information charging Ferrell with use of a handgun in the commission of a felony or crime of violence. The underlying felony or crime of violence was the armed robbery of Samuel Smith on December 30, 1984.

On June 19, 1985, the armed robbery indictment was called for trial after the county administrative judge had denied the State's motion for a continuance. Before the trial began, the State and Ferrell, who was then aware of the pending handgun prosecution which had been instituted by criminal information the day before, concluded a plea agreement which made no mention of the handgun charge. Ferrell agreed to plead guilty to a single count in the indictment charging the armed robbery of Samuel Smith in exchange for the State's nolle pros of all other charges in the indictment and the trial judge's acceptance of a recommendation that Ferrell's sentence not exceed three years imprisonment. The plea was then entered, and the court ordered a presentence investigation. The sentencing hearing was not held until October 1, 1985.

In the meantime, on July 10, 1985, Ferrell was arraigned on the information charging the handgun violation. On August 8, he filed a motion in the handgun case to dismiss the information, asserting, *inter alia*, double jeopardy and res judicata grounds. He also contended that the plea

agreement should be viewed as a disposition of all charges, including the handgun charge.[1]

The sentencing in the armed robbery case occurred on October 1, 1985. In light of a favorable presentence report on Ferrell, an 18–year–old with no prior criminal or juvenile record, the court imposed a five-year sentence but suspended all but six months thereof. The court placed Ferrell on supervised probation for five years following his release from incarceration.

The hearing on the motion to dismiss the information charging use of a handgun in the commission of a felony or crime of violence took place on October 10, 1985, before a different judge. At that hearing, the parties agreed that the basis of the handgun charge was the armed robbery of Samuel Smith to which Ferrell had pleaded guilty on July 19, 1985, that Ferrell was aware of the pending handgun charge when he entered his plea on June 19, that the handgun charge could have been included in the armed robbery indictment, and that the handgun charge had been omitted from that indictment due to an oversight. The prosecuting attorney acknowledged that, rather than proceeding with the plea agreement on June 19, the State could have nolle prossed the armed robbery indictment and reindicted Ferrell for both armed robbery and use of a handgun in the commission of a crime of violence or could have moved to consolidate the two charges.

The circuit court, relying on res judicata principles as embodied in the double jeopardy prohibition, as well as on language in *Cook v. State*, 281 Md. 665, 668–669, 381 A.2d 671, 673, *cert. denied*, 439 U.S. 839, 99 S.Ct. 126, 58 L.Ed.2d 136 (1978), concluded that the prosecution on the handgun

---

**1.** In addition to seeking dismissal of the information charging the handgun violation, Ferrell alternatively requested, in the armed robbery case, that if the handgun information were not dismissed, he should be allowed to rescind the plea agreement and withdraw his guilty plea to armed robbery. Ferrell withdrew this alternate relief request before the sentencing in the armed robbery case and before the hearing on the motion to dismiss in the handgun case.

charge was barred because of the armed robbery conviction. Accordingly, the court granted Ferrell's motion to dismiss.

On the State's appeal, the Court of Special Appeals affirmed, adopting basically the same reasoning as the trial court, *State v. Ferrell*, 67 Md.App. 631, 643–645, 508 A.2d 1023 (1986). Thereafter we granted the State's petition for a writ of certiorari.

In this Court, as well as in both courts below, the defendant Ferrell has advanced essentially three alternate arguments as to why the prosecution for use of a handgun in the commission of a felony or crime of violence is barred by the prior conviction for armed robbery.

Ferrell's principal argument is that, for purposes of the double jeopardy prohibition against successive trials for the same offense, the handgun offense and the armed robbery offense, when based on the same act or acts, should be deemed the same offense under the so-called "same evidence" or "required evidence" test of *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *Gavieres v. United States*, 220 U.S. 338, 342, 31 S.Ct. 421, 422, 55 L.Ed. 489 (1911); and *Morey v. Commonwealth*, 108 Mass. 433 (1871). *See, in addition, e.g., Illinois v. Vitale*, 447 U.S. 410, 416, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228 (1980); *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977); *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Nightingale v. State*, 312 Md. 699, 542 A.2d 373 (1988); *State v. Frye*, 283 Md. 709, 393 A.2d 1372 (1978); *Newton v. State*, 280 Md. 260, 373 A.2d 262 (1977); *Thomas v. State*, 277 Md. 257, 353 A.2d 240 (1976). If the handgun offense and the armed robbery are deemed the same offense under the required evidence test set forth in the above-cited cases, it is undisputed that, under the circumstances of this case, double jeopardy principles would bar the trial on the handgun charge following the armed robbery conviction. The State, relying upon the Court of Special Appeals' opinion in *Couplin v. State*, 37 Md.App. 567, 579–582, 378 A.2d 197 (1977), *cert. denied*, 281 Md. 735 (1978), argues that the handgun

and the armed robbery offenses are not the same under the required evidence test.

Second, Ferrell points out that res judicata principles are applicable to criminal as well as civil cases, and are to some extent embodied in the prohibition against double jeopardy. *See Cook v. State, supra*, 281 Md. at 668–669, 381 A.2d at 673. Relying upon the *Cook* opinion, Ferrell argues that, because the " 'same evidentiary facts would sustain both' " criminal prosecutions, and because the matter of the defendant's " 'use of the same handgun in the same armed robbery' " was adjudicated in the prior proceeding, res judicata principles preclude the re-litigation of the same matter in a second proceeding. (Respondent's brief, p. 8). Both the circuit court and the Court of Special Appeals appeared to agree with this argument and based their decisions on this ground. The State, however, contends that, as long as the offenses are not the same under the required evidence test, as long as the State is not violating the principle of collateral estoppel by attempting to re-litigate an ultimate issue resolved in the defendant's *favor* at the prior trial, and as long as the prosecutions are in good faith, the State is entirely free to prosecute separately each charge arising from a particular transaction. (Petitioner's brief, pp. 8–12). The State invokes *Cousins v. State*, 277 Md. 383, 354 A.2d 825, *cert. denied*, 429 U.S. 1027, 97 S.Ct. 652, 50 L.Ed.2d 631 (1976), in which this Court rejected the so-called "same transaction" test as the ordinary test for determining when offenses would be deemed the same for purposes of the double jeopardy prohibition against successive trials for the same offense.[2]

---

**2.** In *Cousins*, the defendant, caught in the act of shoplifting, allegedly assaulted two store detectives (Mr. Wood and Miss Neal) who attempted to apprehend him. He was first tried in the District Court of Maryland on a charge of assaulting one of the store detectives, Mr. Wood, and was acquitted on the ground that the evidence, while sufficient to show an assault upon Miss Neal, was insufficient to show an assault upon Mr. Wood. The defendant was later prosecuted in the Circuit Court for Montgomery County on a charge of assaulting the other store detective, Miss Neal, and he moved to dismiss on double

The defendant Ferrell's third argument is that, under the circumstances, the plea bargain in the armed robbery case should be treated as a disposition of all charges growing out of the same transaction.

We agree with the defendant's first contention that the armed robbery and the handgun violation must be deemed the same offense under the required evidence test. Consequently, the Double Jeopardy Clause of the Fifth Amendment and Maryland common law double jeopardy principles preclude the prosecution of Ferrell for use of a handgun in the commission of a felony or crime of violence after he had been tried and convicted of armed robbery. In light of this conclusion, we need not and do not reach the second and third arguments advanced by Ferrell.

Under the Double Jeopardy Clause of the Fifth Amendment and Maryland's common law double jeopardy prohibition, successive trials for the same offense are, of course, generally precluded. And, as previously indicated, the normal test for determining whether different statutory or common law offenses, growing out of the same transaction, are to be treated as the same offense for double jeopardy purposes, is the required evidence test. Our cases have repeatedly pointed out that this test "focuses upon the evidence necessary to sustain a conviction on each offense." *Thomas v. State, supra,* 277 Md. at 262, 353 A.2d at 244. It "focuses upon the elements of each" offense. 277 Md. at 265, 353 A.2d at 245. *See also Illinois v. Vitale, supra,* 447 U.S. at 416, 100 S.Ct. at 2265 ("the *Blockburger* test focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be

jeopardy grounds. This Court affirmed the trial court's denial of the motion to dismiss, holding that, under the circumstances, the State was not compelled to join in a single trial both assault charges growing out of the same transaction. As each trial concerned a different victim, *Cousins* did not involve an effort by the State to re-litigate the same matter litigated at the prior trial. In this respect, *Cousins* is distinguishable from the case at bar.

presented at trial"). We further explained in *Thomas v. State, supra,* 277 Md. at 267, 353 A.2d at 246–247:

"The required evidence is that which is minimally necessary to secure a conviction for each statutory offense. If each offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other does not, the offenses are not the same for double jeopardy purposes even though arising from the same conduct or episode. But, where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other, the offenses are deemed to be the same for double jeopardy purposes."

Moreover, as discussed recently by Judge Adkins for the Court in *Nightingale v. State, supra,* 312 Md. at 705, 542 A.2d 373, when a common law offense or a criminal statute is multi-purpose, embracing different matters in the disjunctive, a court in applying the required evidence test must examine "the alternative elements relevant to the case at hand." *See, Newton v. State, supra,* 280 Md. at 268–273, 373 A.2d at 266–269; *Thomas v. State, supra,* 277 Md. at 268–269, 353 A.2d at 247–248. *See also, e.g., Illinois v. Vitale, supra,* 447 U.S. at 420–421, 100 S.Ct. at 2267; *Whalen v. United States,* 445 U.S. 684, 693–694, 100 S.Ct. 1432, 1439, 63 L.Ed.2d 715 (1980); *Harris v. Oklahoma, supra,* 433 U.S. 682, 97 S.Ct. 2912; *Wright v. State,* 307 Md. 552, 561, 569, 515 A.2d 1157, 1161, 1166 (1986); *State v. Jenkins,* 307 Md. 501, 515–516, 515 A.2d 465, 472 (1986); *State v. Frye, supra,* 283 Md. at 714–715, 393 A.2d at 1374–1375; *Pandelli v. United States,* 635 F.2d 533, 537 (6th Cir.1980).

Turning to the case at bar, it is clear that the felony of "robbery ... with a dangerous or deadly weapon" (Art. 27, § 488) and the misdemeanor of "us[ing] a handgun ... in the commission of any felony or any crime of violence as defined in § 441 of this article" (Art. 27, § 36B(d)) must be deemed the same offense under the required evidence test. Proof of the armed robbery, with all of its legal elements, is

necessary in order to prove the handgun offense. As we recently stated in *Shell v. State,* 307 Md. 46, 53, 512 A.2d 358, 361 (1986), "commission of a felony or crime of violence is an essential ingredient of the § 36B(d) handgun offense. It is an element of the crime." And in *Mack v. State,* 300 Md. 583, 593, 479 A.2d 1344, 1349 (1984), we pointed out

"that in order to convict an accused of use of a handgun in the commission of a crime of violence it is necessary that the trier of fact find beyond a reasonable doubt that the accused committed a crime of violence.... [W]hen an accused is charged in a multicount indictment with the commission of a crime of violence and use of a handgun in the commission of such a crime, a verdict of guilty of the crime of violence is a prerequisite to a verdict of guilty of use of a handgun in the commission of such a crime."

Consequently, "all elements of one offense are present in the other, [and] the offenses are deemed to be the same for double jeopardy purposes." *Thomas v. State, supra,* 277 Md. at 267, 353 A.2d at 247.

The theory of the State in the instant case, and of the Court of Special Appeals in *Couplin v. State, supra,* is that the armed robbery is not an element of the handgun offense because, "to support a conviction under the handgun law, it is not necessary to prove that a robbery was committed. Any felony or crime of violence will suffice." 37 Md.App. at 582, 378 A.2d at 205. According to the Court of Special Appeals in *Couplin,* proof of the armed robbery would simply be the "actual evidence" used to prove the existence of "any felony" for purposes of the handgun offense. *Ibid.*

As we indicated in *Whack v. State,* 288 Md. 137, 149 n. 5, 416 A.2d 265, 271 n. 5 (1980), *cert. denied and appeal dismissed,* 450 U.S. 990, 101 S.Ct. 1688, 68 L.Ed.2d 189 (1981), the position taken by the appellate court in *Couplin* is inconsistent with our analysis in *Newton v. State, supra,* and with the Supreme Court's analysis in cases like *Illinois v. Vitale, supra,* and *Harris v. Oklahoma, supra.*

When Art. 27, § 36B(d), requires proof of a felony or a misdemeanor constituting a crime of violence under Art. 27, § 441(e), the statute is simply listing specified alternate elements, any one of which must be established. The number of qualifying felonies and misdemeanors constituting crimes of violence under § 441(e) is definite, ascertainable and limited. The statute would in substance have been no different if it had expressly listed the qualifying offenses, by providing that "[a]ny person who shall use a handgun ... in the commission of murder, manslaughter, armed robbery, robbery, burglary, felony theft, rape, arson" or etc., "shall be guilty of a separate misdemeanor." The necessity that one of these specific underlying offenses be proven is "required evidence" under § 36B(d); each of the underlying offenses is an alternate element under § 36B(d). The "actual evidence," on the other hand, consists of the particular testimony or other evidence used by the State to show the commission of the underlying felony or crime of violence.

The relationship between the underlying felony or crime of violence and the handgun offense under § 36B(d), is similar to the relationship between the underlying felony and the offense of felony murder. We examined the latter relationship in *Newton v. State, supra,* holding that the underlying felony and felony murder should be deemed the same offense under the required evidence test. We explained in *Newton,* 280 Md. at 269, 373 A.2d at 267:

"Therefore, to secure a conviction for first degree murder under the felony murder doctrine, the State is required to prove the underlying felony and the death occurring in the perpetration of the felony. The felony is an essential ingredient of the murder conviction. The only additional fact necessary to secure the first degree murder conviction, which is not necessary to secure a conviction for the underlying felony, is proof of the death. The evidence required to secure a first degree murder conviction is, absent the proof of death, the same evidence required to establish the underlying felony. There-

fore, as only one offense requires proof of a fact which the other does not, under the required evidence test the underlying felony and the murder merge."

A similar approach was recently taken by us in *Nightingale v. State, supra,* where, because of alternate statutory elements, we held that sexual offenses under Art. 27, §§ 464A–464C, and the offense of child abuse based upon the commission of a sexual offense, should be deemed the same under the required evidence test. Judge Adkins there pointed out for the Court that "[i]f, when we look at the applicable alternate elements, a[n] ... offense in effect becomes one of the elements of another offense, the *Blockburger* test is met." 312 Md. at 707, 542 A.2d at 373. *See Thomas v. State, supra.*

In the present case, because the armed robbery and the handgun offense must be deemed the same for double jeopardy purposes, Ferrell's conviction of armed robbery precluded a subsequent prosecution for violation of Art. 27, § 36B(d).

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. BALTIMORE COUNTY TO PAY COSTS.