569 A.2d 1271

**Donna Lynn WHITE**

v.

**STATE of Maryland.**

**No. 154, Sept. Term, 1987.**

Court of Appeals of Maryland.

Feb. 28, 1990.

Michael R. Braudes, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Jillyn K. Schulze, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL*, JJ.

COLE, Judge.

Donna Lynn White (White) was convicted by a jury in the Circuit Court for Washington County of first-degree murder and of child abuse in violation of Maryland Code (1957, 1987 Repl.Vol.), Art. 27, § 35A. She received consecutive sentences of life imprisonment for first degree murder and fifteen years for child abuse. The Court of Special Appeals affirmed the convictions in an unreported opinion. We granted White's petition for a writ of certiorari to deter-

---

* Blackwell, J., now retired, participated in the hearing and conference of this case while an active member of this Court but did not participate in the decision and adoption of this opinion.

mine whether a conviction of child abuse should merge into a murder conviction where both convictions are based on the same act or acts. For reasons set forth below we hold that the convictions do merge.

The evidence adduced at trial established that four-year-old Brandy Lynn White (Brandy) died as a result of physical injuries inflicted by White and her boyfriend, Bruce Sarver (Sarver). Brandy had taken a wallet containing money orders and food stamps from her mother's purse, and had hidden it in a nearby wooded area. After Brandy unsuccessfully tried to lead Sarver to the place where the wallet was hidden, White and Sarver proceeded to beat Brandy over the next five days resulting in 40 to 50 separate blows to her entire body. Some of the bruises were inflicted with a straight-edged object, while others were apparently caused by fists and kicks. Sarver admitted to losing his temper and hitting Brandy with a leather belt.

Petitioner testified that both she and Sarver became furious when Brandy hid the wallet but that her own participation was limited to slapping Brandy in the face with her open hand and three or four blows to the child's legs with a belt. Testimony by White's eight-year-old son revealed that Brandy was "hit and thrown around and kicked" by White and Sarver. By Saturday, May 17, 1986, Brandy was comatose and unable to speak. The mother did not seek medical care because she thought Brandy "would come out it" and because she feared Sarver would go to jail. On Sunday, May 18, 1986, Brandy was transported by ambulance and helicopter from her home to a hospital where she died several days later. The jury found White guilty of both first degree murder and child abuse. White does not contest her murder conviction; rather, she contends that her conviction of child abuse should merge into the murder conviction.

Under Maryland law, the normal standard for determining whether two offenses merge is the "required evidence test." *State v. Ferrell*, 313 Md. 291, 297–98, 545 A.2d 653, 656 (1988); *Nightingale v. State*, 312 Md. 699, 542 A.2d 373

(1988); *State v. Jenkins*, 307 Md. 501, 515 A.2d 465 (1986); *Whack v. State*, 288 Md. 137, 416 A.2d 265 (1980); *Brooks v. State*, 284 Md. 416, 397 A.2d 596 (1979); *Newton v. State*, 280 Md. 260, 373 A.2d 262 (1977).

In *Jenkins* we explained that

[t]he normal test for determining whether one offense merges into another is the so-called "same evidence test" or "required evidence test" or, as it is often labeled, the *"Blockburger* test." This test focuses upon the elements of each offense; if all of the elements of one offense are included in the other offense, so that only the latter offense contains a distinct element or distinct elements, the former merges into the latter.

307 Md. at 517, 515 A.2d at 473 (footnote omitted). As to the application of the required evidence test, we have stated:

The required evidence is that which is minimally necessary to secure a conviction for each ... offense. If each offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other does not, the offenses are not the same for double jeopardy purposes even though arising from the same conduct or episode. But, where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other, the offenses are deemed to be the same for double jeopardy purposes.

*Ferrell*, 313 Md. at 298, 545 A.2d at 656 (quoting *Thomas v. State*, 277 Md. 257, 267, 353 A.2d 240, 246–47 (1976)). *See also State v. Frye*, 283 Md. 709, 714–15, 393 A.2d 1372, 1375 (1978); *Johnson v. State*, 283 Md. 196, 203–04, 388 A.2d 926, 930 (1978).

This Court has ordinarily applied the required evidence test in deciding the permissibility of successive trials and multiple punishments. *See, e.g., Ferrell*, 313 Md. at 297–98, 545 A.2d at 656–57; *Jenkins*, 307 Md. at 517–18, 515 A.2d at

473; *Whack,* 288 Md. at 142–43, 416 A.2d at 271; *Lewis v. State,* 285 Md. 705, 722–23, 404 A.2d 1073, 1083 (1979).

Petitioner concedes that the offenses of murder and child abuse each require proof of facts which the other does not, and that, therefore, they do not merge under the required evidence test. She correctly argues, however, that this is not dispositive of the matter. As pointed out in *Jenkins,* 307 Md. at 518, 515 A.2d at 473, "we have recognized on several occasions that the required evidence test, while the normal standard, is not the exclusive standard for determining merger of offenses."

Another standard for determining merger of offenses has become known as the "rule of lenity." Originally formulated by the United States Supreme Court as a principle of statutory construction, the rule provides that doubt or ambiguity as to whether the legislature intended that there be multiple punishments for the same act or transaction " 'will be resolved against turning a single transaction into multiple offenses.' " *Simpson v. United States,* 435 U.S. 6, 15, 98 S.Ct. 909, 914, 55 L.Ed.2d 70, 78 (1978) (quoting *Bell v. United States,* 349 U.S. 81, 84, 75 S.Ct. 620, 622, 99 L.Ed. 905, 910–11 (1955)). " 'This policy of lenity means that the Court will not interpret a ... criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what [the legislature] intended.' " *Simpson,* 435 U.S. at 15, 98 S.Ct. at 914, 55 L.Ed.2d at 78 (quoting *Ladner v. United States,* 358 U.S. 169, 178, 79 S.Ct. 209, 214, 3 L.Ed.2d 199, 205 (1958)).

The Supreme Court has applied the rule of lenity where the same act constitutes an offense under two different statutory provisions (*e.g., Simpson,* 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70; *Prince v. United States,* 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957)); where the same act could arguably result in multiple convictions and sentences under a single statutory provision (*e.g., Ladner,* 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199; *Bell,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905); and where there are different penalty provi-

sions which arguably are applicable to a single offense (*e.g.*, *Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205, 211 (1980)). On the other hand, where the Supreme Court has concluded, based on the statutory language and/or legislative history, that the legislative intent is clear, it has pointed out that the rule of lenity, being merely a principle of statutory construction, "simply has no application." *Albernaz v. United States*, 450 U.S. 333, 343, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275, 284 (1981).

This Court has recognized and applied the rule of lenity as formulated by the Supreme Court. *See, e.g., Hunt v. State*, 312 Md. 494, 510, 540 A.2d 1125, 1133 (1988); *Jenkins*, 307 Md. at 518–21, 515 A.2d at 473–75. *See also Brooks*, 284 Md. at 423–24, 397 A.2d at 600. Recently in *Hunt*, 312 Md. at 510, 540 A.2d at 1133, we applied the rule in holding that the offense of unlawfully carrying, wearing, and transporting a handgun, in violation of Art. 27, § 36B(b), merges into the greater offense of using a handgun in the commission of a felony or crime of violence, in violation of Art. 27, § 36B(d).

A few cases have attempted to formulate fixed criteria for deciding whether to apply the rule of lenity, and have indicated that unless two offenses merge under either the required evidence test or under these fixed criteria, there can be no merger. *See Johnson v. State*, 56 Md.App. 205, 215–16, 467 A.2d 544, 548–49 (1983), *cert. denied*, 299 Md. 136, 472 A.2d 999 (1984). *See also Dillsworth v. State*, 308 Md. 354, 366–67, 519 A.2d 1269, 1275–76 (1987). In our view, however, there should not be any rigid or fixed criteria for applying the rule of lenity. Rather, as a principle of statutory construction, it should be used like other principles of statutory construction as an aid in ascertaining legislative intent with respect to a statutory offense. *See Kaczorowski v. City of Baltimore*, 309 Md. 505, 512, 525 A.2d 628, 631 (1987).

In addition, like other canons of statutory construction, the rule of lenity is neither absolute nor exclusive. Other

considerations may also be applicable in arriving at a principled decision. *Kaczorowski,* 309 Md. at 512–16, 525 A.2d at 631–33. For example, in deciding merger questions, we have examined the position taken in other jurisdictions. We have also looked to whether the type of act has historically resulted in multiple punishment. *See Jenkins,* 307 Md. at 518–21, 515 A.2d at 473–75; *State v. Boozer,* 304 Md. 98, 497 A.2d 1129 (1985). The fairness of multiple punishments in a particular situation is obviously important. *See State v. Oliver,* 302 Md. 592, 611 n. 12, 490 A.2d 242, 251 n. 12 (1985); *Brooks,* 284 Md. at 423, 397 A.2d at 599–600. *Cf. Cousins v. State,* 277 Md. 383, 397, 354 A.2d 825, 833, *cert. denied,* 429 U.S. 1027, 97 S.Ct. 652, 50 L.Ed.2d 631 (1976).

There is another reason that the rule of lenity should not be the sole principle for deciding whether two offenses, separate under the required evidence test, should be deemed the same for purposes of multiple punishment based on the same act or transaction: the rule of lenity is simply a rule of statutory construction. It originated in Supreme Court federal criminal cases. In the field of federal criminal law, offenses are created by acts of Congress. Under Maryland law, however, there are a multitude of criminal offenses which were not created by Maryland statutes. They include both common law offenses and offenses based on pre–1776 English statutes. As to some of these, there simply is no Maryland legislation. As to others, the role of the General Assembly has largely been confined to prescribing the range of penalties and, in a few instances, dividing the offenses into degrees.

Obviously a rule of statutory construction has little relevance to an offense not created by Maryland statute. Nevertheless, some of these offenses, which would be deemed separate under the required evidence test, have traditionally been viewed as a single offense for multiple punishment, successive trials, and some other purposes. For example, we have pointed out that premeditated murder and felony murder are not the same under the required evidence test, as each has distinct elements. On the other

hand, they are deemed the same offense for multiple punishment or successive trial purposes. *See, e.g., Huffington v. State,* 302 Md. 184, 188–89, 486 A.2d 200, 202–03 (1985), *cert. denied,* 478 U.S. 1023, 106 S.Ct. 3315, 92 L.Ed.2d 745 (1986). *See also Jenkins,* 307 Md. at 520–21, 515 A.2d at 475, and *Manigault v. State,* 61 Md.App. 271, 284 n. 2, 486 A.2d 240, 246 n. 2 (1985), indicating that the various statutory aggravated assaults should be viewed, for multiple punishment purposes, as the same crime as common law assault. Thus where the same act constituted two different aggravated assaults, the one with the lesser maximum penalty should merge into the one with the greater.

Consequently, despite the possible implication to the contrary in some prior Maryland cases, we do not believe that there is any rigid framework for determining when the rule of lenity is applicable or that the rule of lenity is the exclusive principle for determining whether offenses, separate under the required evidence test, should merge.

█ In the present case, the merger question involves the statutory offense of child abuse and the common law offense of murder. The Child Abuse Statute, Art. 27, § 35A, provides in pertinent part:

(a) Definitions—

  (2) "Abuse" means:

    (i) The sustaining of physical injury by a child as a result of cruel or inhumane treatment or as a result of a malicious act by any parent or other person who has permanent or temporary care or custody or responsibility for supervision of a child under circumstances that indicate that the child's health or welfare is harmed or threatened thereby;

      *       *       *       *       *       *

(b) A parent or other person who has permanent or temporary care or custody or responsibility for the supervision of a child who causes abuse to the child is guilty of a felony and on conviction is subject to imprisonment in the penitentiary not exceeding 15 years.

There is nothing in the language of the Child Abuse Statute, or in its legislative history, indicating whether the General Assembly intended that a parent or one having custody should be sentenced for both child abuse and murder where the malicious act causing physical injury ultimately led to the death of the child. Clearly, in this regard the statute is ambiguous as to whether separate punishment is in order. As we see it, applying the rule of lenity to the child abuse statute supports the conclusion that the child abuse conviction should merge into the murder conviction. Moreover, while child abuse may not be a lesser included offense of murder under a strict application of the required evidence test, it is, nevertheless, very much like a traditional lesser included offense. Every murder of a child by a parent or custodian will automatically constitute child abuse. There is sufficient commonality with regard to the elements of both offenses that there cannot be a murder of a child by a parent or custodian without the act also falling within the child abuse statute. In other words, the act of child abuse and the death of the child become so closely connected as to constitute an integral part of the homicide.

We conclude then that, in the absence of express statutory language to the contrary, a child abuse conviction merges into a homicide conviction when both are based on the same act or acts. Courts in other jurisdictions agree. *See e.g., Hall v. State,* 493 N.E.2d 433, 436 (Ind.1986); *State v. Hofford,* 169 N.J.Super. 377, 404 A.2d 1231 (1979). *See also People v. Smith,* 35 Cal.3d 798, 201 Cal.Rptr. 311, 678 P.2d 886 (1984); *State v. Lucas,* 243 Kan. 462, 759 P.2d 90 (1988); *Massie v. State,* 553 P.2d 186 (Okla.Crim.App. 1976). *But cf. State v. Mapp,* 45 N.C.App. 574, 264 S.E.2d 348 (1980) (statute expressly stated that child abuse conviction was to be "additional").

For these reasons, we believe that the child abuse offense should have been merged into the offense of first degree murder.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED IN PART AND REVERSED IN PART.

CASE REMANDED TO THAT COURT WITH DI-
RECTIONS TO AFFIRM THE JUDGMENT OF THE CIR-
CUIT COURT FOR WASHINGTON COUNTY AS TO THE
OFFENSE OF MURDER IN THE FIRST DEGREE AND
TO VACATE THE SENTENCE OF THE CIRCUIT COURT
FOR WASHINGTON COUNTY AS TO THE OFFENSE OF
CHILD ABUSE. WASHINGTON COUNTY TO PAY THE
COSTS.