754 A.2d 1103

**Reginald T. HOLBROOK**

v.

**STATE of Maryland.**

**No. 1374, Sept. Term, 1999.**

Court of Special Appeals of Maryland.

July 3, 2000.

---

248

Geraldine K. Sweeney, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Devy Patterson Russell, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and David R. Ruark, State's Atty. for Wicomico County, Salisbury, on the brief), for appellee.

Argued before WENNER, ADKINS and PAUL E. ALPERT (Ret., specially assigned), JJ.

PAUL E. ALPERT, Judge, Retired, specially assigned.

In this case of first impression, we are called upon to decide whether a conviction for reckless endangerment merges with a conviction for arson. On April 29, 1999, appellant Reginald T. Holbrook was tried in a non-jury trial in the Circuit Court for Wicomico County (Davis, J. presiding). He was found guilty of first degree arson, eight counts of reckless endangerment, and one count of making a threat of arson. Sentencing was held on June 28, 1999. For the first degree arson conviction, Mr. Holbrook was sentenced to 30 years with all but 22½ years suspended. For the first count of reckless endangerment, Mr. Holbrook was sentenced to five years to run consecutive to the arson sentence. For the other 7 counts of reckless endangerment, Mr. Holbrook was sentenced to five years, which were to run consecutive to the arson sentence, but concurrent to

each other and to the first reckless endangerment sentence. Finally, as to the threat of arson conviction, Mr. Holbrook was sentenced to 10 years to run concurrent to the arson sentence. This appeal followed.

## ISSUES

Mr. Holbrook presents two questions for our consideration:

I. Whether the trial judge erred in refusing his request to merge reckless endangerment into first degree arson; and,

II. Whether the trial judge erred in allowing the State to amend the criminal information immediately prior to trial, changing the date of the alleged arson threat, and then allowing testimony regarding arson threats made at times other than that originally charged.

## FACTS

There is no significant dispute about the facts in this case. In 1998, Alisha Collins leased a residence at 230 Ohio Avenue in Salisbury, Maryland. Between April and May of that year, nine people lived there: Alisha Collins, her husband, and their three-year old daughter; Alisha Collins's mother and her six-year old twins; Alisha Collins's aunt, DeKota Collins, and her three-year old daughter; and, Mr. Holbrook, who was DeKota Collins's boyfriend. Mr. Holbrook resided at the home for several months and contributed to the rent.

DeKota Collins was the representative payee for Mr. Holbrook's social security payments. On May 1, 1998, Mr. Holbrook and DeKota Collins had an argument over his money during which he made a menacing gesture toward her with a screwdriver. Alisha Collins called the police. The responding officer told Mr. Holbrook that he would have to leave and not to return to the premises. The officer stayed while Mr. Holbrook removed all of his belongings. Alisha Collins testified at trial that Mr. Holbrook was "really mad."

About an hour after leaving the premises, Mr. Holbrook returned and asked to speak to DeKota. She told him,

"Reggie, I don't want you no more. I just want you to leave me alone and don't come back here no more." Mr. Holbrook sat on the porch and cried. About one hour later, Alisha Collins and her husband left the premises with Mr. Holbrook. The three shared a cab ride, during which Mr. Holbrook repeatedly said "I'm going to get all of you."

On May 6, 1998, Alisha Collins observed Mr. Holbrook walking back and forth across the street from her house. She testified that he said "I'll burn this mother fucker up." Over the objection of defense counsel, Alisha Collins testified that a week before Mr. Holbrook left the home, she overheard an argument between him and DeKota Collins during which Mr. Holbrook said "I'll burn this mother fucker house down" and "I got people that can hurt you that live upstate."

On the evening of May 7, 1998, Mr. Holbrook came to the door of the home and asked to see DeKota Collins. Alisha Collins lied and said that she was not home. Mr. Holbrook remained outside of the house for about 45 minutes calling DeKota's name and saying that he wanted to talk to her. That night, Alisha Collins fell asleep on the living room sofa. Sometime after midnight, she awoke to the smell of smoke. She awoke her husband, who went out the back door and discovered a pillow burning on the back porch. All of the occupants safely evacuated the house.

Kevin Ward, a firefighter with the Salisbury Fire Department, testified that the flames from the burning pillow were about 6 to 12 inches high when he arrived, and that there were char marks on the threshold to the rear door and smoke in the basement.

Alisha Collins testified that she saw Mr. Holbrook across the street 10 to 15 minutes after the fire was discovered. She told the police that Mr. Holbrook started the fire. Mr. Holbrook was questioned by the police and by the fire marshall. He was subsequently arrested and charged with arson, reckless endangerment, and threats of arson.

### DISCUSSION

### I.

### A. The offenses are not the same
### for double jeopardy purposes

As Judge Karwacki recognized in *Richmond v. State*, 326 Md. 257, 261, 604 A.2d 483, 485 (1992), "[m]ultiple punishment challenges generally arise in two different sets of circumstances: those involving two separate statutes embracing the same criminal conduct, and those involving a single statute creating multiple units of prosecution for conduct occurring as a part of the same criminal transaction." This case involves the former type of challenge. Mr. Holbrook claims that the trial court erred in refusing to merge his reckless endangerment conviction into his conviction for first degree arson.

In Maryland, the test for determining whether different statutory or common law offenses, growing out of the same transaction, are to merge and be treated as the same offense for double jeopardy purposes, is the required evidence test, also known as the *Blockburger* test. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Simpson v. State*, 121 Md.App. 263, 708 A.2d 1126 (1998); *Williams v. State*, 323 Md. 312, 593 A.2d 671 (1991); *State v. Ferrell*, 313 Md. 291, 545 A.2d 653 (1988). The test focuses upon the evidence necessary to sustain a conviction on each offense. As the Court of Appeals stated in *Thomas v. State*, 277 Md. 257, 267, 353 A.2d 240, 246–47 (1976), and reiterated in *State v. Ferrell*, *supra*:

> The required evidence is that which is minimally necessary to secure a conviction for each statutory offense. If each offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other does not, the offenses are not the same for double jeopardy purposes even though arising from the same conduct or episode. But, where only one offense requires proof of an additional fact, so that all elements of one offense are

present in the other, the offenses are deemed to be the same for double jeopardy purposes.

*State v. Ferrell,* 313 Md. at 298, 545 A.2d at 656 (*quoting Thomas v. State,* 277 Md. at 267, 353 A.2d at 246–47). When one offense is found to be a lesser-included offense of another under the required evidence test, ordinarily a sentence may be imposed only for the offense having the additional element or elements. *State v. Lancaster,* 332 Md. 385, 391, 631 A.2d 453, 456 (1993).

■ The first statutory offense at issue in this case is reckless endangerment. Maryland's statute provides, in relevant part, as follows:

(1) Any person who recklessly engages in conduct that creates a substantial risk of death or serious physical injury to another person is guilty of the misdemeanor of reckless endangerment....

Md. Ann.Code art. 27, § 12A–2 (1996 & 1999 Supp.). As succinctly set forth in the Maryland Criminal Pattern Jury Instructions, in order to convict a defendant of reckless endangerment, the State must prove:

(1) that the defendant is engaged in conduct that created a substantial risk of death or serious physical injury to another;

(2) that a reasonable person would not have engaged in that conduct, and that the defendant acted recklessly.

A defendant acts recklessly if he is aware that his conduct creates a risk of death or serious physical injury to another and then consciously disregards that risk. *See generally, State v. Albrecht,* 336 Md. 475, 649 A.2d 336 (1994), *on remand, Albrecht v. State,* 105 Md.App. 45, 658 A.2d 1122 (1995); *Williams v. State,* 100 Md.App. 468, 641 A.2d 990 (1994); *Mills v. State,* 13 Md.App. 196, 282 A.2d 147 (1971), *cert. denied,* 264 Md. 750 (1972).

■ Reckless endangerment is an inchoate crime against persons that is intended to deal with the situation in which a victim is put at substantial risk of death or serious bodily harm but may, through a stroke of good fortune, be spared

the consummated harm itself. *Albrecht v. State,* 105 Md.App. 45, 58, 658 A.2d 1122, 1128 (1995). In *Williams v. State,* 100 Md.App. 468, 641 A.2d 990 (1994), we examined the inchoate nature of reckless endangerment and made the following observation:

> As with all inchoate crimes, reckless endangerment was intended to plug a gap in the law. Inchoate crimes are designed to inhibit criminal conduct before it goes too far or to punish criminal conduct even when, luckily, it misfires. Reckless endangerment is, indeed, doubly inchoate. At the *actus reus* level, it is one element short of consummated harm. At the *mens rea* level, it is one element short of the specific intent necessary for either an attempt or for one of the aggravated assaults.

*Williams,* 100 Md.App. at 481, 641 A.2d at 996.

■■■■ Indeed, as we noted in *Albrecht v. State,* the consummated crimes from which the inchoate crime of reckless endangerment is removed are classically crimes against the person, *e.g.,* homicides, batteries, and assaults, simple and aggravated, intended and unintended. *Albrecht,* 105 Md.App. at 59, 658 A.2d at 1129. Accordingly, Maryland law has clearly held that:

> A reckless endangerment resulting in death will constitute either a grossly negligent involuntary manslaughter or a depraved-heart second-degree murder. In either event, the reckless endangerment will merge into the greater inclusive criminal homicide.

*Williams,* 100 Md.App. at 485, 641 A.2d at 998 (1994).

In contrast to reckless endangerment, first degree arson is defined, under Maryland law, as:

> wilfully and maliciously set[ting] fire to or burn[ing] a dwelling or occupied structure, whether the property of the person or another.

Md. Ann.Code art. 27, § 6 (1996 & 1999 Supp.). The case *sub judice* involves a "dwelling," which is defined in the Code as "a structure regardless of whether an individual is actually present, any portion of which has been adapted for overnight

accommodation of individuals, including any kitchen, shop, barn, stable, or outhouse that is parcel to, belonging to, or adjoining the structure." Md. Ann.Code art. 27, § 5(b).

The language of art. 27, § 6 prohibiting the burning of a dwelling was adopted from the common law. *Richmond v. State*, 326 Md. 257, 263–65, 604 A.2d 483 (1992). At common law, the felony of arson was defined as the malicious burning of a dwelling house of another. *Butina v. State*, 4 Md.App. 312, 242 A.2d 819 (1968), *cert. denied* 251 Md. 748 (1969). Common law arson, like burglary, was an offense against the habitation of individuals. Clark & Marshall, A Treatise on the Law of Crimes, § 13.09 (7th ed.1967). Arson "was a most aggravated felony, and of greater gravity and magnitude than any other unlawful burning because it demonstrated in the perpetrator a gross recklessness and contempt of human life." *Id.* at § 13.09; *Brown v. State*, 285 Md. 469, 403 A.2d 788 (1979)(Arson was a crime against the habitation of individuals, rather than an offense against property, and was considered a grave offense demonstrating a reckless disregard for human life). To constitute the offense, four elements had to be proven.

> First, the building burned must have been a dwelling house or outbuilding within the curtilage. Second, the house or building burned must have been occupied by another; ownership was not the proper test at common law. Thus where the accused burned the house which he occupied with neither purpose nor effect of bringing harm to someone else's dwelling, the common law offense of arson was not committed. Third, mere scorching of the house was insufficient; there must have been some actual burning of the house. Fourth, the burning must have been willful and malicious.

*Brown v. State*, 285 Md. 469, 473, 403 A.2d 788, 791 (1979) (*relying on* Clark & Marshall, A Treatise on the Law of Crimes, §§ 13.09–13.13 (7th ed.1967)).

By statute in most jurisdictions, including Maryland, the offense of arson has been extended so as to include the

burning of buildings other than dwelling houses, and to eliminate the common law requirement that the dwelling be that of another. Clark & Marshall, A Treatise on the Law of Crimes, § 13.14; *Brown v. State*, 285 Md. 469, 403 A.2d 788 (1979); *Fischer v. State*, 117 Md.App. 443, 450–52, 700 A.2d 829, 833 (1997). *See also* Md.Code Ann. art. 27, § 7 (burning other structures); § 8 (burning of personal property & burning with intent to defraud); § 9A (burning trash container). These statutes make the crime of arson an offense against property, and not merely against the security of habitation. Clark & Marshall, A Treatise on the Law of Crimes, § 13.14.

 In applying the required evidence test, it is clear that the offenses of reckless endangerment and arson each require proof of a fact which the other does not. Reckless endangerment requires proof that the defendant engaged in conduct that created a substantial risk of death or serious physical injury to another person. In contrast, the crime of arson focuses on the dwelling or occupied structure that is set on fire or burned. There is no requirement that any person actually be in the subject dwelling at the time of the fire or burning. Accordingly, the offenses are not the same for double jeopardy purposes, even though they may arise, as in this case, from the same conduct or episode.

## B. The offenses do not merge under the rule of lenity

 Mr. Holbrook contends that his convictions for reckless endangerment and first degree arson should merge under the rule of lenity. We disagree and explain.

When two offenses do not merge under the required evidence test, Maryland courts apply a principle of statutory construction known as the rule of lenity. The rule of lenity is applicable where both offenses are statutory or where one offense is statutory and the other is a common law crime. Accordingly, it is applicable in the case *sub judice*.

 Under the rule of lenity, the offense carrying the lesser maximum penalty ordinarily merges into the offense carrying the greater maximum penalty. *Miles v. State*, 349

Md. 215, 229, 707 A.2d 841, 848 (1998). The rule provides that doubt or ambiguity as to whether the legislature intended that there be multiple punishments for the same act or transaction will be resolved against turning a single transaction into multiple offenses. *Miles v. State,* 349 Md. 215, 227, 707 A.2d 841, 847–48 (1998) (citations omitted). Like other canons of statutory construction, the rule of lenity is neither absolute nor exclusive. *White v. State,* 318 Md. 740, 744, 569 A.2d 1271, 1273 (1990). "Other considerations may also be applicable in arriving at a principled decision.... For example, in deciding merger questions, we have examined the position taken in other jurisdictions. We have also looked to whether the type of act has historically resulted in multiple punishments. The fairness of multiple punishments in a particular situation is obviously important." *White v. State,* 318 Md. 740, 745–46, 569 A.2d 1271, 1274 (1990) (citations omitted).

In support of his argument that his convictions for reckless endangerment and first degree arson should merge under the rule of lenity, Mr. Holbrook relies on four cases, none of which are particularly applicable to the case at hand. Mr. Holbrook argues that analogous circumstances were presented in *Pickett v. State; Graham v. State; Wieland v. State;* and, *Lamb v. State.* In each of those cases, however, the appellate courts merely noted that the trial court had merged a conviction for reckless endangerment into another crime against a person, such as murder, battery, or assault. *See e.g., Pickett v. State,* 120 Md.App. 597, 707 A.2d 941 (1998)("the court sentenced Pickett to thirty years incarceration for attempted second degree murder, and merged the remaining convictions."); *Graham v. State,* 117 Md.App. 280, 699 A.2d 1204 (1997)("All other convictions merged for sentencing purposes."); *Wieland v. State,* 101 Md.App. 1, 643 A.2d 446 (1994)(defendant was convicted of assault, battery, reckless endangerment, and handgun charges, but no issue was raised regarding merger of the sentence for reckless endangerment); and, *Lamb v. State,* 93 Md.App. 422, 613 A.2d 402 (1992)("The conviction for reckless endangerment was merged into that for assault and is also of no further concern to us."). Not only do those cases

fail to contain any discussion about the mergers, but they also fail to address the specific issue of whether a conviction for reckless endangerment should merge into a conviction for a crime against habitation or property, such as arson.

Other Maryland cases, however, indicate that arson convictions historically have not been merged with convictions for crimes against persons other than reckless endangerment. For example, in *Price v. State,* 261 Md. 573, 277 A.2d 256 (1971), appellant Price was convicted of arson and first degree murder and sentenced to concurrent terms of life for the murder and ten years imprisonment for the arson. The Court of Appeals rejected Mr. Price's argument that the arson conviction should merge into the murder conviction because the offenses arose out of a single criminal adventure. The Court held:

> And where, as in the case at bar, there are distinct offenses directed against property (arson) and against an individual (murder), even though arising out of a single criminal adventure, they are separate parallel offenses, neither being a 'lesser included' offense within the other, and conviction on both counts is proper.

In contrast, cases involving convictions for felony murder will merge with a conviction for the underlying felony, because proof of the underlying felony is an essential element which would not otherwise be required if the murder conviction were obtained by independent proof of wilfulness, premeditation and deliberation. *Newton v. State,* 280 Md. 260, 373 A.2d 262 (1977).

The reasoning expressed in these cases persuades us that Mr. Holbrook's convictions for reckless endangerment and arson are proper. Even though both arise out of the same criminal adventure, namely the placing of a burning pillow on the porch of the Ohio Avenue residence, the arson was directed against the property and the reckless endangerment was directed against the eight occupants of the home. Accordingly, the trial court did not err in declining to merge Mr. Holbrook's convictions under the rule of lenity.

## II.

█ Mr. Holbrook's final contention is that the trial court erred in allowing the State to amend the criminal information immediately prior to trial to change the date of the alleged threat of arson and then, in allowing testimony of threats at times other than those originally charged. Initially, count 10 of the criminal information charged that Mr. Holbrook made a threat of arson on May 8, 1998. On the morning of trial, the State moved to amend that count to charge that the threat of arson occurred between May 1 and 8, 1998. The trial court determined that the amendment related only to the date on which the threat of arson occurred and not to the substance of the threat. Accordingly, the trial court allowed the amendment.

█ Maryland Rule 4–204 provides:

On motion of a party or on its own initiative, the court at any time before verdict may permit a charging document to be amended except that if the amendment changes the character of the offense charged, the consent of the parties is required. If amendment of a charging document reasonably so requires, the court shall grant the defendant an extension of time or continuance.

As we stated in *Albrecht v. State,* 105 Md.App. 45, 68, 658 A.2d 1122, 1133 (1995):

Generally speaking, amendments that have been deemed to be merely changes of form have been such things as a clerical correction with respect to the name of a defendant, the substitution of one name for another as a robbery victim, a change in the description of money, changing the name of the owner of property in a theft case, and changing the date of the offense. An amendment as to substance, by contrast, would change the very character of the offense charged.

*See also Manuel v. State,* 85 Md.App. 1, 18–19, 581 A.2d 1287, 1295–96 (1990), *cert. denied,* 322 Md. 131, 586 A.2d 13 (1991)(amendments to the date an offense is alleged to have occurred is a matter of form and not substance and may be

**260**

amended in the court's discretion without changing the character of the offense charged). Because the amendment at issue in the case *sub judice* involved only the date on which the alleged threat of arson occurred and not the character of the offense charged, we hold that the trial court did not err in allowing the amendment.

█ Finally, the fact that the State presented evidence of verbal threats made prior to May 1, 1998 and from May 1, 1998 through May 6, 1998, but did not present any evidence of a threat of arson made on May 8, 1998, is inconsequential. There was sufficient evidence presented at trial that Mr. Holbrook made a threat of arson on May 6, 1998, when, according to the testimony of Alisha Collins, he stated "I'll burn this mother fucker up." Accordingly, Mr. Holbrook's conviction for making a threat of arson is affirmed.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**